## KLICKE v. ALLEGHENY STEEL CO.

(Circuit Court of Appeals, Third Circuit. December 2, 1912.)

### No. 1,643.

**1.** MASTER AND SERVANT (§ 95*)—INJURIES TO SERVANT—CHILDREN—EMPLOY-MENT CERTIFICATE—FAILURE TO PROCURE—"ACTIONABLE NEGLIGENCE."

Where plaintiff, a boy between 14 and 16, was injured in the course of his employment by defendant in a steel mill without a certificate required by Act Pa. April 29, 1909 (P. L. 285) § 8, making such employment illegal and a misdemeanor, it was also actionable negligence sufficient to sustain a recovery for the injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 160; Dec. Dig. § 95.*

For other definitions, see Words and Phrases, vol. 1, pp. 148, 149; vol. 8, p. 7563.]

**2.** MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—"PERSON IN CHARGE OF PARTICULAR WORK"—NEGLIGENCE—EMPLOYER'S LIABILITY ACT.

Plaintiff, a boy between 14 and 16, was employed in defendant's steel mill as a helper to a shearman, who operated a set of power-driven shears for cutting steel plates. Plaintiff worked under the immediate direction of the shearman. It was plaintiff's duty to place the sheets on the cutting table, and when properly placed the shearman operated the shears by pressing a foot lever. At the time of the accident there had been difficulty in getting a narrow sheet in proper place and the first cut did not shear it. Plaintiff was directed to readjust it, and as he was trying to do this the shearman, without waiting to see that it was done, turned his back and put his foot on the lever, causing the knife to descend, and cut off plaintiff's fingers. *Held,* that the shearman was a person in charge of the particular work in which plaintiff was engaged at the time, to whose orders plaintiff was bound to conform, within Employer's Liability Act June 10, 1907 (P. L. 523), providing that under such circumstances the negligence of a fellow servant of the injured employé shall be no defense to an action for the injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

**3.** EVIDENCE (§ 321*)—COMPETENCY—KNOWLEDGE—AGE.

A witness is competent to testify to his own age, subject to being tested on cross-examination as to his sources of information.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1202; Dec. Dig. § 321.*]

**4.** EVIDENCE (§ 318*)—COMPETENCY—KNOWLEDGE.

Where plaintiff had been brought from Russia by his aunt when he was 11 years old, but defendant did not avail itself of the opportunity to cross-examine her when she testified by deposition as to plaintiff's age, the deposition was properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

**5.** MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—CHILDREN—PROOF OF AGE.

Though Factory Act Pa. April 29, 1909 (P. L. 283) § 8, authorizing the employment of minors on certain official certificates, requires that evidence of birth in the form of an official birth or baptismal certificate, etc., be produced before the certificate can issue, such act does not limit proof of age of a minor employé injured while being employed without a certificate to the kinds of proof specified in the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Western District of Pennsylvania.

Action by Lee Klicke, a minor, by August Mathebel, his next friend, against the Allegheny Steel Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dalzell, Fisher & Hawkins, of Pittsburgh, Pa., for plaintiff in error.
· John T. Moore, of Pittsburgh, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Lee Klicke, the plaintiff, a citizen of Russia, recovered a verdict against the Allegheny Steel Company, a corporation of Pennsylvania, for damages for personal injuries suffered while in its employ and alleged to be caused by its negligence. The motion of defendant to enter judgment in its favor notwithstanding the verdict having been refused and judgment entered for plaintiff, the defendant sued out this writ.

The questions involved are: First, as to the instructions of the court that the employment, without an employment certificate as provided by the Pennsylvania Factory Act of April 29, 1909, P. L. 283, of the plaintiff, who was under 16 years of age, was evidence of negligence; second, whether under the facts of this case the plaintiff's action is defeated by the negligence of his fellow servant; and, third, the admission of certain evidence.

The plaintiff, a lad between 14 and 16, was employed by defendant as a "shear leader" or helper to a shearman, who operated a set of power-driven shears for shearing or cutting steel plates. In the operation of the machine the shearman and his helper, working under his immediate direction, placed the sheets on the cutting table, and when they were properly in place the former, by pressing his foot on a lever, started the shears which cut the plates. There was testimony tending to show that at the time of the accident a sheet was narrow, · there was difficulty in getting it in place, and the first cut did not shear it. On the helper calling this to the attention of the shearman, the latter nodded to the helper to fix it, and as the latter was trying to do so the shearman, without waiting to see that it was done, turned his back and put his foot on the lever. The result was the descending knife caught and cut off plaintiff's fingers.

[1] The employment certificate which justified the defendant in employing the plaintiff in its plant is provided for by section 9 of the Act of April 29, 1909, P. L. 283, and the certificate issued thereunder provides:

"This certificate is a legal warrant for the employment of the minor named hereon, in any of the above-named establishments, businesses and industries under the provisions of an act approved," etc.

By section 7 of the act it is provided that:

"No minor under the age of sixteen years shall be employed in or about or for any establishment or industry named in sections three and four of this act, unless the employer of said minor procures and keeps on file, and accessible to the deputy factory inspectors, the employment certificate as hereinafter provided, issued to said minor."

Section 11 of the act makes violation of the act a misdemeanor. This certificate the defendant did not have—indeed, none had been issued—and its employment of the nonaged plaintiff was without legal warrant and was therefore illegal. But for such illegal employment the plaintiff would not have been in defendant's works and would not have been injured. Under both federal and state decisions such illegal employment evidenced want of care or negligence on the part of defendant. Railway v. Van Horne, 69 Fed. 139, 16 C. C. A. 182; Railway v. Craig, 73 Fed. 642, 19 C. C. A. 631; Narramore v. Cleveland, C., C. & St. L. R. Co., 96 Fed. 300, 37 C. C. A. 499, 48 L. R. A. 68; Stehle v. Machine Co., 225 Pa. 348, 74 Atl. 215, 133 Am. St. Rep. 884; Jones v. Caramel Co., 225 Pa. 644, 74 Atl. 613; Lenahan v. Pittston, 218 Pa. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, 120 Am. St. Rep. 885; Queen v. Dayton, 95 Tenn. 458, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. Rep. 935; Starnes v. Albion, 147 N. C. 556, 61 S. E. 525, 17 L. R. A. (N. S.) 602, 15 Ann. Cas. 470; Nickey v. Steuder, 164 Ind. 189, 73 N. E. 117. To hold otherwise, and to say that employment in violation of the statute was not negligence, would be to deprive children of the protection the law was designed to afford them.

[2] We think the court below rightly held that the relation of plaintiff as helper to Eastley, the shearman, was one covered by the Pennsylvania Employer's Liability Act of June 10, 1907, P. L. 523, which provides:

"That in all actions brought to recover from an employer for injury suffered by his employé, the negligence of a fellow servant of the employé shall not be a defense, where the injury was caused or contributed to by any of the following causes, namely. * * * the negligence of any person in charge of or directing the particular work in which the employé was engaged at the time of the injury or death; the negligence of any person to whose orders the employé was bound to conform, and did conform, and, by reason of his having conformed thereto, the injury or death resulted."

The shears were in charge of Eastley, and he directed the particular work plaintiff did. Not only was plaintiff bound to conform to Eastley's orders, but from his conforming to them his injury resulted. The court below was therefore justified in holding that the negligence of Eastley did not prevent plaintiff from recovering.

[3] It remains to consider the objections to the admission of testimony as to plaintiff's age. When called to the stand the plaintiff, over objections of defendant's counsel, was permitted to testify to his own age. His answer stands unchallenged, for defendant neither availed itself of its right to test by cross-examination the sources of his information or to contradict his testimony. The question is therefore simply: Was the plaintiff competent to testify as to his own age? On this point the authorities are too well settled to require citation that a witness may testify to his own age, subject, of course, to be tested on cross-examination as to his sources of information.

[4] The plaintiff's aunt, Caroline Klicke, who had brought the boy from Russia when he was 11 years old, testified to his age on deposition. At the taking thereof defendant's counsel had the opportunity of cross-examining her, but did not, as to her sources of

information. - Manifestly the court was justified in admitting such deposition.

[5] It is urged by defendant that, inasmuch as section 8 of the act specifies certain evidence of birth, viz., an official birth or baptismal certificate, etc., which the school authorities must demand before they can issue an employment certificate, therefore the plaintiff was restricted to the same class of testimony in proving his age in court. But it will be obvious that these statutory provisions could in no way affect the right of the plaintiff to produce evidence whose competency in courts of justice was universally recognized.

Finding no error in the record, the judgment below is affirmed.