MERI. LESKO, GUARDIAN, ETC., PLAINTIFF, v. LIONDALE BLEACH DYE AND PRINT WORKS, DEFENDANT.

Submitted December 5, 1918—Decided June 17, 1919

1. The provisions of the Workmen's Compensation act with relation to the recovery of compensation applies only where the contract of hiring was a valid one, and not where such a contract is prohibited by the statute laws of the state.
2. Where an infant is put to work by his employer in direct contravention of the provisions of the Factory act, the common law liability of the employer to compensate the employe for injuries caused by the negligence of the former is not affected by the provisions of the Workmen's Compensation act.
3. Where an infant is hired to do work, in contravention of the Factory act, by reason of false representations, by him, that he is not within the age limit specified in that statute, such false representation does not relieve the employer from the common law liability to compensate for injuries caused by the employer's negligence.
4. A child who is employed in violation of the Factory act is not chargeable with contributory negligence, or with having assumed the risks arising out of that employment.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *King & Vogt.*

*Contra, James H. Bolito.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.. The defendant company operates a large laundering plant at Rockaway, in this state. Some time in 1916, Andrew Kline, the ward of the plaintiff, was employed by the company, and in June of that year was put to work upon a washing or laundering machine. His specific work was to keep the edge of the goods which were

run through the machine from curling or getting folded, as it passed over the rollers. His hand apparently became entangled in the machinery, was drawn in between two of.the rollers, and crushed. At the time of the accident Kline was under sixteen years of age; but this fact was not known to the defendant. On the contrary, Kline himself, at the time of his employment, represented to the company's superintendent that he was then over sixteen years old.

This suit is based upon the common law liability of an employer to compensate an employe for injuries received in his employment by reason of the negligence of the master. The trial resulted in a verdict for the plaintiff.

The first ground upon which we are asked to make this rule absolute is that since the enactment of chapter 95 of the laws of 1914, commonly known as the Workmen's Compensation act, that statute provides the only means by which an injured employe can recover compensation from his employer for injuries received in the course of, and arising out of, his employment; and abrogates the common law liability of the master for such injuries. But this statutory provision with relation to the recovery of compensation only applies where the contract of hiring is a valid one, and not where such a contract is prohibited by the statute law of the state; and this is the situation now presented. By an amendment passed in 1914 (*Pamph. L., p.* 525) to the Factory act of 1904, it is declared (section 4) that "No minor under the age of sixteen years shall be employed, permitted or suffered to work at any of the following occupations, or in any of the following positions: adjusting any belt to any machinery * *· * operating or assisting in operating any * * * laundry machinery," &c. In the case of *Hetzel, Jr., v. Wasson Piston Ring Co.,* 89 *N. J. L.* 201, it was declared by the Court of Errors and Appeals that where an infant was put to work by his employer in direct contravention of the provisions of the Factory act, the common law liability of the employer to compensate his employe for injuries caused by the negligence of the former was not affected by the provisions of the Workmen's Compensation act.

But it is argued that the doctrine of the Hetzel case has no application where the employer is induced to hire the employe by reason of a false representation made by the latter as to his age, the representation being that he is not within the age limit specified in the statute. The argument rests upon the theory that the false representation having been the inducing cause of the employment, the infant employe is estopped from taking advantage of the statute; or, stated in another way, will not be permitted to deny the truthfulness of the statement made with relation to his age.

It is enough to say, in disposing of this contention, that since the argument of this case the Court of Errors and Appeals in *Feir* v. *Weil*, 92 *N. J. L.* 610, expressly declared that the doctrine of estoppel *in pais* has no application where the employment of the infant is in violation of the provisions of the Factory act. In that case, as in the present one, the employe falsely represented his age, and the master hired him, believing the truth of the representation.

Another ground upon which we are asked to set aside the present verdict is that the injury which befell the plaintiff was an ordinary risk assumed by him in the normal operation of the machine; but this contention is unsound. As was pointed out in the Hetzel case, the primary purpose of the provision of the Factory act, which has already been cited, is to protect all children who are too young to appreciate the dangers arising out of work in places or upon machines such as those described by the legislature; and it cannot be said, in view of this legislative purpose, that a child who is too young to appreciate the dangers arising out of his work, and incident thereto, assumes the risk of such dangers. No risks are assumed except those which are, or ought to be, obvious to the party incurring them. As was said in *Lenahan* v. *Pittston Coal Mining Co.*, 218 *Pa.* 311, when the legislature has distinctly established an age limit under which children shall not be employed it, in effect, has declared that a child under that age limit does not have the mature judgment, experience and discretion necessary to engage safely in work

prohibited by the statute; and, consequently, a boy employed in violation of the legislative mandate is not chargeable with contributory negligence, or with having assumed the risks arising out of that employment.

Lastly, it is contended that the verdict is excessive. It is enough to say in disposing of this phase of the case, that the evidence on this point does not justify us in saying that the award of damages is clearly greater than the compensation which the plaintiff is entitled to recover for the injuries received.

The rule to show cause will be discharged.