VINCENT BOYLE, an Infant, by GEORGE T. BOYLE, JR., His Guardian ad Litem, Appellant, *v.* A. C. CHENEY · PIANO ACTION COMPANY, Respondent.

Third Department, September 8, 1920.

**Master and servant — negligence — when common-law action for negligence will not lie — complaint not stating cause of action — wrongful employment of infant contrary to Labor Law — exclusive remedy under Workmen's Compensation Law.**

A complaint which in substance alleges that the plaintiff was employed by the defendant in its factory; that while so employed he was seriously injured by the negligent acts of the defendant, which are thereafter specified as breaches of the duties which a master owes to a servant, does not state a cause of action, for the Workmen's Compensation Law supplies the exclusive remedy for all accidental injuries arising from such omissions.

Neither does such complaint state a cause of action by alleging that the defendant permitted the plaintiff, being under sixteen years of age, to work on a saw contrary to the provisions of section 93 of the Labor Law, it not being alleged that the plaintiff was permitted to operate a saw either of the band or circular type as specified in the statute.

Neither does the complaint state a cause of action by alleging that the plaintiff, being under sixteen years of age, was allowed to clean a saw where it is not alleged that the saw was in motion when the plaintiff cleaned it.

Nor does the complaint aforesaid state a cause of action by alleging that the plaintiff was unlawfully employed by the defendant without procuring and filing the certificate required by section 70 of the Labor Law which forbids the employment of a child between the ages of fourteen and sixteen years without the issuance and filing of an employment certificate, for whether or not the plaintiff was lawfully employed when he was injured, the relationship of master and servant existed in fact, and hence his remedy is under the Workmen's Compensation Law.

A recovery against the master in a common-law action for negligence cannot be based upon the theory that the wrong of the defendant was committed before it became an employer so that it stood in the position of a third party to the plaintiff, for as a matter of fact at the time the plaintiff was injured he was in the employ of the defendant and section 11 of the Workmen's Compensation Law, making a proceeding under the statute the exclusive remedy, is applicable.

The liability of the employer under the Workmen's Compensation Law for all injuries arising from an employment being exclusive, no action at law for such injuries will lie even though the wrong causing them was done by the employer before he became an employer.

JOHN M. KELLOGG, P. J., and KILEY, J., dissent, with memorandum.

APPEAL by the plaintiff, Vincent Boyle, an infant, etc., from an order of the Supreme Court, made at the Rensselaer Trial Term and entered in the office of the clerk of the county of Rensselaer on the 22d day of March, 1920, dismissing the plaintiff's complaint, and also an appeal by said plaintiff from the judgment entered in said clerk's office upon said order.

*William E. Fitzsimmons,* for the appellant.

*Ainsworth, Carlisle, Sullivan & Archibald [John N. Carlisle* of counsel], for the respondent.

H. T. KELLOGG, J.:

The complaint alleges that the plaintiff was employed by the defendant in its factory; that while so employed he was seriously injured by the negligence of the defendant; that the defendant failed to supply the plaintiff with a safe place to work; that it directed him to undertake dangerous work; that it maintained machinery in its factory in an unsafe and improper condition; that it failed to protect plaintiff from injury by its machinery; that it omitted the use of safeguards and appliances to protect him; that it failed to disconnect its machinery when not in motion; that it failed properly to direct plaintiff in his work; that as a result of such omissions and other acts the plaintiff was injured. It is manifest that in all the allegations thus recited the plaintiff asserts no wrong as the cause of his injuries other than a neglect by the defendant of its duties as a master, owed to the plaintiff as its servant. The Workmen's Compensation Law supplies an exclusive remedy for all accidental injuries arising from such omissions. (Workmen's Compensation Law, § 11.) The allegations specified, therefore, state no cause of action.

The complaint also alleges that the defendant " permitted plaintiff, being under sixteen years of age, to work on a saw and assist in operating, handling and cleaning the same, contrary to the provisions of section 93 of the Labor Law of the State of New York." The section referred to forbids the employment of a child under sixteen years of age in the operation of certain machines, including " circular or band

saws."· It is not alleged that the plaintiff was permitted to operate a saw either of the band or of the circular type.    The same section also provides that no male child under the age of eighteen years " shall be permitted or directed to clean machinery while in motion."   It is not alleged that the machinery which the plaintiff was permitted to handle and clean was *in motion* when he handled and cleaned it.    The allegations, therefore, state no facts constituting violations of section 93 of the Labor Law.   For this reason, as well as for the reasons hereafter to be stated for holding insufficient a further allegation of the complaint, it must be considered that the allegations quoted state no cause of action.

The plaintiff also alleges that the defendant " unlawfully employed the plaintiff in its said factory without procuring and filing the certificate required by section 70 of the Labor Law of the State of New York."   The plaintiff evidently intended to allege a violation of that portion of section 70 of the Labor Law which, after forbidding the employment in any factory of a child under the age of fourteen years, reads as follows: " No child between the ages of fourteen and sixteen years shall be so employed, permitted or suffered to work unless an employment certificate, issued as provided in this article, shall have been theretofore filed in the office of the employer at the place of employment of such child." The plaintiff contends that under the authority of *Karpeles* v. *Heine* (227 N. Y. 74) the act of employing him was in itself a tort; that the duty violated was not that of an employer to use care but rather the duty of persons generally not to employ a child; that the wrong was not committed in the course of an employment but before the employment was established; that, therefore, his injuries were not compensable under the Workmen's Compensation Law.   He forgets that compensation is payable for injuries, not if a wrong to which they are due occurs in the course of an employment, but, regardless of the commission of any wrong, provided only the injuries themselves arise from the employment in the course thereof. Whether or not the plaintiff was *lawfully* employed, the fact cannot be doubted that when he was injured the relationship of master and servant did in point of fact exist.   The plaintiff had subjected himself to the orders and directions of the

defendant, and when hurt was actually working upon machinery in the defendant's factory in accordance with directions given. He undoubtedly could have collected his stipulated wages as employee for the work thus done. The reasoning that there was no employment because the statute forbade it is reducible to an absurdity. It would compel the deduction that, an employment being impossible because of the prohibition, a violation of the prohibition, though made a crime by the Penal Law, is equally impossible. Clearly the plaintiff's injuries arose out of and in the course of his employment. That he has a remedy by filing a claim for compensation is supported by decisions of this court. (*Ide* v. *Faul & Timmins*, 179 App. Div. 567; *Kenny* v. *Union Railway Co.*, 166 id. 497.) The plaintiff contends that, although he may have such a remedy, he may likewise maintain an action against the defendant for the results of a wrong committed by it before it became an employer, as he might do were the defendant a third party who had wronged him. Section 29 of the Workmen's Compensation Law does give a remedy against a third party if injuries sustained are due to " the negligence or wrong of another not in the same employ." This defendant as the employer was in the same employ as the plaintiff employee. Moreover, the argument ignores that portion of section 11 of the Workmen's Compensation Law which reads: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death." The liability of the employer under the Workmen's Compensation Law for all injuries arising from an employment being exclusive, no action at law for such injuries will lie even though the wrong causing them was done by the employer before he became an employer. For all these reasons the conclusion is irresistible that the plaintiff cannot maintain this action.

The order and judgment should be affirmed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum, in which KILEY, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

At the trial the complaint was dismissed upon the ground that the remedy given to the employee against the employer, under section 11 of the Workmen's Compensation Law, excludes all other remedies.

The complaint showed that the plaintiff, a boy under sixteen years of age, was employed by the defendant in operating a saw in violation of subdivision 1 of section 93 of the Labor Law (as amd. by Laws of 1913, chap. 464). That section absolutely prohibits such employment. Its violation is a misdemeanor. (Penal Law, § 1275.) The boy, therefore, was injured by the criminal act of the defendant. The liability arose not on account of the defendant's negligence but because plaintiff is the victim of his crime. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Karpeles* v. *Heine*, 227 id. 74.) The employer, when sued by the infant, cannot shield himself by alleging his own crime, but he must respond as if the employment were valid. But the boy, who was not a criminal, may. at his election rely upon the employment or repudiate it. An infant who agrees to work for a fixed wage can repudiate the contract and sue upon a *quantum meruit*, or he may affirm and sue upon the contract. Infancy is a privilege to him — not a defense to his employer. The alleged employment having been in absolute violation of law, section 11 of the Workmen's Compensation Law does not apply. (*Wolff* v. *Fulton Bag & Cotton Mills*, 185 App. Div. 436; *Karpeles* v. *Heine*, *supra*.) But if the infant seeks the benefit of the Workmen's Compensation Law, his infancy cannot shield the employer. (*Kenny* v. *Union Railway Co.*, 166 App. Div. 497; *Ide* v. *Faul & Timmins*, 179 id. 567.) The recent case of *Karpeles* v. *Heine* (*supra*) clarifies the situation and seems to remove any doubt which might have previously existed in a case where the employment of the child is absolutely prohibited.

It is now urged that the complaint does not show that the saw in question was a band saw or circular saw. A band saw and circular saw are the only ones referred to in section 93 of the Labor Law, and the allegation that the boy was injured while operating a saw in violation of that section is, on demurrer, equivalent to a statement that it was a band saw or a circular saw.

" It is the general rule, however, that a complaint when challenged for insufficiency is to be liberally construed and that the pleader is to be deemed to have alleged not only the facts set forth but those also to be implied therefrom by reasonable and fair intendment.  (*Coatsworth* v. *Lehigh Valley R. R. Co.*, 24 App. Div. 273; affd., 156 N. Y. 451; *National Contracting Co.* v. *Hudson R. W. P. Co.*, 170 id. 439; *Ellsworth* v. *Agricultural Society*, 99 App. Div. 119; *Milliken* v. *Western Union Tel. Co.*, 110 N. Y. 403.)" (*Peterson* v. *Eighmie*, 175 App. Div. 113, 115.)

I favor a reversal and a new trial, with costs to the appellant to abide the event.

KILEY, J., concurs.

Order and judgment affirmed, with costs.