LEONARD NOREEN, an Infant, by OSCAR NOREEN, His Guardian ad Litem, Respondent, *v.* WILLIAM VOGEL & BROS., INC., Appellant.

Workmen's Compensation Law — when employee, although under age of sixteen years, cannot maintain an action at law, for injuries received in such employment, against employer who has complied with Workmen's Compensation Law and paid award made to such employee, pursuant to the statute.

1. Where an employer, in compliance with the provisions of section 10 of the Workmen's Compensation Law (Cons. Laws, ch. 67), has secured compensation for his employees and has thus been brought within the statute, he is not liable, in an action at law, for an injury to an employee, since section 11 of the law provides that " the liability of an employer " prescribed by section 10 " shall be exclusive and in place of any other liability whatsoever to such employee, his personal representatives, husband, parents, dependents or next of kin,

or any one otherwise entitled to recover damages at common law or otherwise on account of such injury."

2. An infant under the age of sixteen years at the time of an alleged injury cannot maintain an action at law to recover damages for an injury against an employer who has complied with the requirements of the Workmen's Compensation Law, secured compensation to its employees and given due notice of the same. Notwithstanding the fact that such infant secured employment by misrepresentation as to his age and that defendant omitted the exercise of due diligence to ascertain his age, yet, when plaintiff entered upon the service of the defendant in consideration of a compensation to be paid him therefor, the relation of employer and employee existed between them within the spirit and letter of the Workmen's Compensation Law and the defendant having complied with all the requirements of that law and an award to plaintiff having been made by the industrial commission which had been actually paid before the commencement of this action, such award operates as a bar to the action.

*Noreen* v. *Vogel & Brothers, Inc.*, 190 App. Div. 918, reversed.

(Argued April 27, 1921; decided May 31, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 7, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*E. C. Sherwood* and *Benjamin C. Loder* for appellant. The plaintiff's exclusive remedy was a proceeding for compensation under the Workmen's Compensation Law. An award was made under that statute and that award has been paid. In these circumstances the trial court erred in denying the defendant's motion made at the opening of the trial to dismiss the complaint upon those grounds. (*Nulle* v. *Hardman, Peck & Co.*, 185 App. Div. 351; *Basso* v. *Clark & Son*, 189 App. Div. 944; *Boyle* v. *Cheney P. A. Co.*, 193 App. Div. 408; *Ide* v. *Faul & Timmins*, 179 App. Div. 567; *Kenney* v. *Union Ry. Co.*, 166 App. Div. 497; *Wolff* v. *Fulton B. & C. Mills*, 185 App. Div. 436; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Hart* v. *R. R. Co.*, 205 N. Y. 317;

*Shanahan* v. *Monarch Eng. Co.*, 219 N. Y. 469; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397.)

*F. Matthew Buermann* and *Barnett Cohen* for respondent. The Compensation Act does not apply to a minor employed in direct violation of a positive prohibition as to age. (*Wolff* v. *Fulton Bag Mills*, 185 App. Div. 436; *Robiltotto* v. *Bartholdi Realty Co.*, 104 Misc. Rep. 419; *Karpeles* v. *Heine*, 227 N. Y. 74; *Czarnowsky* v. *City of Rochester*, 55 App. Div. 388; 165 N. Y. 649; *Grimmer* v. *Tenement House Dept.*, 204 N. Y. 370; *Bush* v. *Delaware R. R. Co.*, 54 App. Div. 616; 166 N. Y. 210; *People* v. *Yonkers*, 229 N. Y. 1; *Davis* v. *Supreme Lodge*, 35 App. Div. 354; 165 N. Y. 159; *Matter of Carnegie Trust Co.*, 151 App. Div. 606; 206 N. Y. 390.)

HOGAN, J. The plaintiff, an infant, brought this action by his guardian *ad litem* to recover damages from defendant, a manufacturing corporation, for personal injuries alleged to have been sustained on February 15, 1916, while in its employ. Plaintiff at the time of the employment and accident from which he received the injuries complained of was under the age of sixteen years, and was employed without an employment certificate as required by the Labor Law. (Cons. Laws, ch. 31.) When seeking employment he had represented that he was seventeen years of age. The negligence charged to defendant was that at the time plaintiff was injured he was employed and working upon a metal stamping machine in violation of the provisions of section 93, Labor Law, which prohibits the employment of an infant of the age of plaintiff in the operation of a machine of that character.

The single question of fact submitted to the jury was whether or not there was negligence on the part of defendant in the employment of the infant plaintiff. The trial justice charged that if the defendant believed, and was

justified in believing, that the boy had passed the age of sixteen years, then defendant should be exculpated; that if defendant had omitted the exercise of due diligence, prudence and care to ascertain the age of the boy, to make reasonable inquiry as to his age, etc., the jury might find the defendant was negligent in the employment and thus liable for damages sustained by the boy while engaged in the employment of defendant.

Upon the trial of the action and upon the appeal the defendant urged that the fact that defendant had secured compensation to its employees under the provisions of the Workmen's Compensation Law, in connection with the concession of counsel for the parties hereto at the opening of the trial " that the plaintiff together with the defendant entered into the original agreement provided for by the Compensation Commission and that the Compensation Commission determined or made an award, and that that award had been actually paid before the commencement of this suit amounting to sixty weeks at $6.15 per week," operated as a bar to the maintenance of this action.

The primary question to be determined in the instant case is clearly presented in the brief statement of facts above narrated, viz.: May the plaintiff, an infant under the age of sixteen years at the time of an alleged injury, maintain this action to recover damages for such injury against an employer who has complied with the requirements of the Workmen's Compensation Law, secured compensation to its employees and given due notice of the same, or is the remedy provided in the Workmen's Compensation Law exclusive?

We have heretofore considered the statute known as the Workmen's Compensation Law (*Matter of Jensen* v. *So. Pacific Co.*, 215 N. Y. 514; *Matter of Walker* v. *Clyde S. S. Co.*, 215 N. Y. 529; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Travellers Insurance Co.* v. *Padula Co.*, 224 N. Y. 397) and in several opinions discussed the general

policy of the same not only from the enactment of the
first statute (Laws of 1910, chap. 674) but more particu-
larly the statute enacted by the legislature subsequent
to the amendment to the Constitution. (Constitution,
art. 1, section 19; Laws of 1914, chapter 41.) In sub-
stance we held that the legislature was clothed by the
Constitution with the plenary power to extend or curtail
the right of an injured party to maintain an action to
recover damages for an injury sustained; that the statute
provided compensation not only for the employee but
as well for the family and dependents of such employee,
and likewise definite compensation for an accidental
injury occurring with or without fault imputable to the
employer. We also pointed out the beneficient purposes
of the statute, the prompt, certain and inexpensive
procedure thereunder, the avoidance of litigation, the
expense and delay incident thereto and the benefit of
weekly compensation during incapacity to labor. The
views thus expressed should be borne in mind in a con-
sideration of the question under consideration in the
present case.

The defendant here in compliance with the provisions
of section 10 of the Workmen's Compensation Law (Cons.
Laws, ch. 67) secured compensation to its employees.
Having thus been brought within the statute, section 11
of the law provides that " the liability of an employer "
prescribed by section 10 " shall be exclusive and in place
of any other liability whatsoever, to such employee, his
personal representatives, husband, parents, dependents or
next of kin, or any one otherwise entitled to recover
damages, at common law or otherwise on account of such
injury."

In view of the explicit language of the statute quoted
and the general policy of the legislature in the enactment
of the same as pointed out in our former decisions we are
not willing to adopt the conclusions of the courts below.

21

Irrespective of the fact that the plaintiff secured employment by misrepresentation as to his age and that defendant omitted the exercise of due diligence to ascertain his age, when plaintiff entered upon the service of the defendant in consideration of a compensation to be paid him therefor the relation of employer and employee existed between them. In the absence of the Workmen's Compensation Law, the plaintiff having been injured in such service, if he brought a common-law action to recover damages for such injuries, would seek a recovery upon the ground that he was an employee and as such entitled to assert the applicability of the rules of law relating to the duty imposed upon a master towards a servant. He could not be an employee and defendant an employer in said common-law action and occupy a different position by reason of the existence of the Workmen's Compensation Law. The method adopted by an individual to secure employment from an employer misled by the representations of the individual seeking service does not determine the relationship existing between such persons. When the employment is entered upon, the law determines the relations, rights and remedies of the parties. Here the relation of employer and employee existed within the spirit and letter of the Workmen's Compensation Law. The question presented here was considered in the Appellate Division, third department, in *Boyle* v. *Cheney Piano Action Company* (193 App. Div. 408, opinion by Justice H. T. KELLOGG). We are in accord with the views therein expressed.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.