GRAND RAPIDS TRUST CO. *v.* PETERSEN BEVERAGE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—MINORS —CHILD LABOR LAW—ILLEGAL EMPLOYMENT. ·
   A minor illegally employed under the provisions of the child labor law (Act No. 280, Pub. Acts 1917), could make no valid contract of employment within the meaning of the workmen's compensation act (2 Comp. Laws 1915, § 5429, subd. 2), and therefore could not elect to accept compensation thereunder.

2. SAME—VOID ELECTION UNDER COMPENSATION LAW NO DEFENSE TO ACTION AT LAW.
   An election by a minor, illegally employed, to accept compensation under the workmen's compensation act, void because of the minor's disability to make a valid contract of employment, is no defense to an action at law by the administrator of his estate against his employer to recover damages for his wrongful death.

3. SAME—NEGLIGENCE—ILLEGAL EMPLOYMENT PROXIMATE CAUSE.
   In an action for the wrongful death of plaintiff's decedent, a minor illegally employed by defendant under the child labor law, while in defendant's employ, the trial court was not in error in holding that, as a matter

of law, the unlawful employment was the proximate cause of the accident resulting in his death.

4. SAME—MISREPRESENTATION OF AGE OF MINOR NO DEFENSE TO ACTION AT LAW.
   It was no defense to show that there was a misrepresentation of the age of decedent at the time he was employed by defendant.

Error to Kent; Brown (William B.), J.    Submitted June 7, 1922.    (Docket No. 23.)    Decided July 20, 1922.

Case by the Grand Rapids Trust Company, administrator of the estate of Harlan Perry, deceased, against the Petersen Beverage Company for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Lombard & Atkinson,* for appellant.

*Taggart & Kingston (Willis B. Perkins, Jr.,* of counsel), for appellee.

WIEST, J.    Plaintiff's decedent, Harlan Perry, a boy under the age of 15 years, was unlawfully employed by defendant company, and while about his work a steam boiler exploded and he received injuries from which he died.    This suit was brought by the administrator of his estate to recover damages.    Defendant under the plea of the general issue gave notice, in substance, that Harlan Perry was in its employ subject to the provisions of the workmen's compensation law, and after the accident, by agreement, accepted compensation under that law, and his mother and step-father, his only dependents, consented thereto, and that Harlan represented himself to be 17 years of age at the time of his employment.    At the trial all such defenses were swept away by rulings of the court and plaintiff had verdict and judgment, and the case is

here on writ of error, and two principal errors are urged:

(1) The common-law action is barred by virtue of section 5488, 2 Comp. Laws 1915, because the deceased and his dependents accepted compensation under the workmen's compensation law.

(2) The court erred in holding as a matter of law that the employment of deceased was negligence which constituted the proximate cause of his injury.

The boy was injured August 4, 1920, and died in the hospital January 1, 1921. On November 6, 1920, the following agreement was made between the boy and the defendant and the insurance company:

"The employee's average weekly wage being $24, it is agreed that compensation be paid at the rate of $14 per week during total disability (of_____weeks), and at the proper rate per week during partial disability if he becomes legally entitled to compensation for partial disability, all in accordance with the provisions of the Michigan workmen's compensation law."

This agreement was approved by the industrial accident board, and $312 paid thereunder, the last payment being made on January 13, 1921. At the trial counsel for plaintiff conceded that the payments made should be deducted from any damages awarded.

We are asked by counsel for defendant to hold that the boy was an employee and defendant's liability as an employer is prescribed by the workmen's compensation law and is exclusive of any common-law liability, and our attention is directed to *Gray* v. *Brown & Sehler Co.*, 200 Mich. 177; *Boyle* v. *Cheney Piano Action Co.*, 193 App. Div. 408 (184 N. Y. Supp. 374); *Noreen* v. *William Vogel & Bros.*, 231 N. Y. 317 (132 N. E. 102).

In the *Gray Case* the court did not have the question of illegal employment. The filing of a claim for compensation in that case was held an election by

one lawfully employed to accept the statutory relief and such election fixed his remedy once for all.

The child labor law and the workmen's compensation law have provisions in harmony and intended to prevent the very hiring here in question; the one making it unlawful and a misdemeanor to so hire, and the other excluding such a hiring from its provisions. These statutes prevented the relation essential to an election to come under the compensation act. The election by a minor, unlawfully employed, to accept compensation under the workmen's compensation law is void and cannot rise to the dignity of a legitimate defense to the common-law liability of an employer so violating the statute.

The compensation law lifts the disability of minors to make the necessary contract only in cases where they may be lawfully employed under the laws of the State. If not lawfully employed then the disability to make the essential contract has not been lifted and the minor can make no valid contract of employment within the compensation act and, of course, cannot elect to have remedy thereunder.

The workmen's compensation law of this State construes the term "employee" to mean:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the State who, for the purposes of this act, shall be considered the same and have the same power to contract as adult employees." * * * 2 Comp. Laws 1915, § 5429, subd. 2.

This statute excludes from all its provisions minors who are not legally employed under the laws of the State, and this barred the relation of employee and employer between the boy and defendant. Under the child labor law (Act No. 280, Pub. Acts 1917), this boy could not be employed without a permit. Defend-

ant concedes that under such law a permit was necessary and none was obtained. We have then a case of a hiring in violation of the law and declared by the law to be a misdemeanor. The employment being unlawful it did not and could not fall within the provisions of the workmen's compensation law. Not falling within such law any adjustment thereunder was a nullity and no defense to common-law liability. The agreement for compensation under the mistaken supposition that the employment fell within the workmen's compensation law did not settle the claim for damages for injuries received while in such unlawful employment. *Stetz* v. *F. Mayer Boot & Shoe Co.*, 163 Wis. 151 (156 N. W. 971, Ann. Cas. 1918B, 675).

The employment of the boy did not come within the provisions of the workmen's compensation law. *In re Stoner*, 128 N. E. (Ind. App.) 938. That law only applies where the contract of hiring is a valid one. *Lesko* v. *Liondale Bleach Dye & Print Works*, 93 N. J. Law, 4 (107 Atl. 275).

In *Hetzel* v. *Wasson Piston Ring Co.*, 89 N. J. Law, 201 (98 Atl. 306, L. R. A. 1917D, 75), it was said:

"It can hardly be doubted that the legislature, in providing for the ingrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making."

See, also, *Roszek* v. *Bauerle & Stark Co.*, 282 Ill. 557 (118 N. E. 991, L. R. A. 1918F, 207); *Messmer* v. *Industrial Board*, 282 Ill. 562 (118 N. E. 993); *Morrison* v. *Smith-Pocahontas Coal Co.*, 88 W. Va. 158 (106 S. E. 448).

Having in mind the provisions of our statute we

cannot adopt the views expressed in the New York cases cited by counsel for defendant.

We are of opinion the court committed no error in holding the unlawful employment the proximate cause of the accident.   The employment of this boy, in violation of the child labor law, was sufficient evidence of the defendant's negligence, and the injury having occurred in the course of the service of the boy under such unlawful employment was enough in itself to show a causal connection and the law will refer the injury to the original wrong as its proximate cause.   *Syneszewski* v. *Schmidt,* 153 Mich. 438; *Krutlies* v. *Bulls Head Coal Co.,* 249 Pa. St. 162 (94 Atl. 459, L. R. A. 1915, 1082) ; *Stehle* v. *Jaeger Automatic Machine Co.,* 225 Pa. St. 348 (74 Atl. 215, 133 Am. St. Rep. 884) ; *Terry Dairy Co.* v. *Nalley,* 146 Ark. 448 (225 S. W. 887, 12 A. L. R. 1208) ; *Mangus* v. *Proctor-Eagle Coal Co.,* 87 W. Va. 718 (105 S. E. 909) ; *Klicke* v. *Allegheny Steel Co.,* 119 C. C. A. 317, 200 Fed. 933.

It was no defense to show there was a misrepresentation of the age of the boy.   *Braasch* v. *Michigan Stove Co.,* 153 Mich. 652 (20 L. R. A. [N. S.] 500) ; *Syneszewski* v. *Schmidt, supra; Lesko* v. *Liondale Bleach Dye & Print Works, supra.*

It must be conceded the cases are at variance upon the points here involved, but we feel that our conclusions are supported by the great weight of authority.   We have examined the authorities cited in behalf of defendant and find many of them easily distinguishable, but it would unnecessarily extend this opinion to review them.

We discover no reversible error and the judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.