LOUIS WIDDOES, an infant by his next friend Elizabeth M. Widdoes, *vs.* DANIEL S. LAUB, trading as Boston Cloak Store.

*(May 5, 1925.)*

RICHARDS and RODNEY, J. J., sitting.

*P. Warren Green* for plaintiff.

*Daniel O. Hastings*, *William S. Hilles* and *Clarence A. Southerland* for defendant.

Superior Court for New Castle County, January Term, 1925.
 No. 118, November Term, 1923.

RODNEY, J., delivering the opinion of the court:

The precise question to be determined in this case is whether compensation for injuries to a minor, over fourteen years of age and under sixteen years of age, who is permitted to work under the provisions of the Child Labor Law in case an employment certificate or permit is obtained, but for whom no such certificate or permit is in fact procured, is embraced or governed by the terms and provisions of the Workmen's Compensation Law.

██ It is, of course, apparent from the reading of *Section 3193d* of the Workmen's Compensation Law that certain minors,

under twenty-one years of age, are embraced within its terms. This section provides that both the employer and employee shall be presumed to be bound by the provisions of the act unless, prior to the accident, notice shall have been given that such party should not be so bound. "A like presumption shall exist in the case of all minors employed unless the notice above referred to be given by or to the parent or guardian of such minor."

█ . The particularly pertinent section of the Compensation Act to be considered is *Section* 3193qq, defining the term "employee." At the time the plaintiff in this case entered into the employment of the defendant the statute read that "employee" should mean "every person in the service of every natural person, firm, association and corporation * * * under any contract of hire for a valuable consideration. * * *" Subsequently, on March 28, 1923, after the employment, but before the accident, the section was somewhat amended by *Chapter* 206, *Volume* 33, *Laws of Delaware*, to read that "employee" should mean "every person in the service of any person, firm, association or corporation * * * under any contract of hire, expressed or implied, oral or written, or performing services for a valuable consideration. * * *"

While workmen's compensation statutes are of comparatively recent origin, yet their very radical departure from common-law principles has resulted in a considerable number of cases from many jurisdictions. Many of these are helpful in arriving at a proper construction of our own act. Great care must, however, be observed, in considering many of the opinions, since the phraseology of the statutes upon which the decisions are based differ so widely.

█ One fundamental fact must continually be borne in mind in the present case. In the final analysis every claim for compensation by an injured employee against his employer under the terms of a Workmen's Compensation Act which, like our own, depends for its binding effect upon both the employers and employees, election to be so bound must be founded upon the basic principle that between the employer and employee some contractual re-

lationship existed as to the very nature of the claim, viz.: compensation for injuries. Upon this relationship rests the claim of the employee under the act and upon this relationship is likewise based the exemption of the employer from liability other than that provided by the Act. The consent of the parties to the contract is either express or implied by the terms of the act upon failure to give the prescribed notice not to be bound by the act at all.

Now it seems to us that it must be apparent that a child under fourteen years of age cannot lawfully assent to be bound by the provisions of the Workmen's Compensation Law nor can any one do this for him, for the employment of such child is expressly unlawful. If it be also true, as we believe it is, that there is no distinction in this respect between a minor under fourteen, and one between fourteen and sixteen for whom no employment certificate had been obtained as in the matter here pending, it must necessarily follow that in this case there was no lawful assent to be bound by the terms of the Compensation Act. There was no lawful contract covering compensation for injuries.

Adverting again then to what we conceive to be the fundamental rule that compensation laws such as our own are based upon the idea of a lawful contract for compensation in case of injury, we hold that such compensation law does not govern such a case as the present. To hold otherwise would in a large degree nullify the Child Labor Law, and would have no tendency to discourage the practice which the statute has made illegal, for the employer's liability would be no greater in case of an illegal than of a legal employment. The concluding paragraph of the Child Labor Law is that:

> "It shall be so interpreted and construed as to effectuate its general purposes and objects."

With this rule of construction in mind and perceiving that the Child Labor Law and Workmen's Compensation Law were both approved upon the same day, April 2, 1917, it seems incredible that one act should be interpreted as the solemn commandment that the children of designated ages should not be employed and the other should be construed as providing compensa-

tion to the prohibited class. This view seems sound in principle and assuredly is amply supported by authority. *Acklin Stamping Co. v. Kutz,* 98 *Ohio St.* 61, 120 *N. E.* 229, 14 *A. L. R.* 812; *In re Stoner,* 74 *Ind. App.* 324, 128 *N. E.* 938; *Secklich v. Harris-Emery Co.,* 184 *Iowa* 1025, 169 *N. W.* 325; *Hetzel v. Wasson Piston Ring Co.,* 89 *N. J. Law* 201, 98 *A.* 306, *L. R. A.* 1917D, 75; *Lesko v. Liondale Bleach Dye & Print Works Co.,* 93 *N. J. Law* 4, 107 A. 275; *Grand Rapids Trust Co. v. Peterson Brewerage Co.,* 219 *Mich.* 208, 189 *N. W.* 186; *Rock Island Coal Mining Co. v. Gilliam,* 86 *Okl.* 49, 213 *P.* 833; *Manning v. American Clothing Co.,* 147 *Tenn.* 274, 247 *S.W.* 103; *Western Union Tel. Co. v. Ausbrooks,* 148 *Tenn.* 615, 257 *S. W.* 858, 33 *A. L. R.* 330. Many other cases are collected in the interesting and comprehensive annotations in 14 *A. L. R.* 818, 33 *A. L. R.* 337, 6 *N. C. C. A.* 763; 11 *N. C. C. A.* 599; 15 *N. C. C. A.* 720; 16 *N. C. C. A.* 1063; 17 *N. C. C. A.* 607; 19 *N. C. C. A.* 968.

So far as we are aware the courts of only two jurisdictions, Washington and New York, have held that general workmen's compensation acts include minors for whom no employment certificate has been obtained. The Supreme Court of Washington, in *Rasi v. Howard Mfg. Co.,* 109 *Wash.* 524, 187 *P.* 327, holds that since the Child Labor Law of that state only penalizes the employer for a violation of the act and does not penalize the child that, therefore, the child may work, and having worked, is embraced within the Compensation Act whether the employment is lawful or unlawful. For the reasons stated herein the cited case has little persuasive value.

The decisions in New York require more careful analysis for their reasoning is seductive and persuasive and the underlying distinction more difficult to detect. In *Boyle v. A. C. Cheney, etc., Co.,* 193 *App. Div.* 408, 184 *N. Y. S.* 374, the court said:

"Compensation is payable for injuries * * * regardless of the commission of any wrong. * * * Whether or not the plaintiff was lawfully employed, the fact cannot be doubted that when he was injured the relationship of master and servant did in point of fact exist. The plaintiff had subjected himself to the orders and directions of the defendant, and when hurt was actually working upon machinery in the defendant's factory in accordance with directions given. He undoubtedly could have collected his stipulated

wages as employee for the work thus done. The reasoning that there was no employment because the statute forbade it is reducible to an absurdity."

Neither in the present case nor in the one cited was there any question of recovery of wages. That rests upon an entirely different principle, and of course, compensation acts treat solely the question of compensation for injury or death. The material question is, has there been any valid and lawful contract between the employer and employee regarding compensation for injuries received? In the answer to this question lies a possible distinction between the New York and Delaware statutes.

In New York the Compensation Act (*Consol. Laws, c. 67*), is compulsory and is possibly not based upon a contract between the employer and employee. In Delaware the acceptance of the act is elective upon both the employer and employee, and we rule that the employment under the act must be a lawful employment and the election to be bound by the act must be by an employee legally capable of making such election and that the compensation act does not cover a minor expressly prohibited by statute from being employed.

In *Noreen v. Vogel*, 231 *N. Y.* 317, 132 *N. E.* 102, the Court of Appeals of New York approved *Boyle v. Cheney, supra*, but beyond the principle of the cited case used this language:

"In the absence of the Workmen's Compensation Law, the plaintiff having been injured in such service, if he brought a common-law action to recover damages for such injuries, would seek a recovery upon the ground that he was an employee and as such entitled to assert the applicability of the rules of law relating to the duty imposed upon a master towards a servant."

With the result reached by the New York court we are not in accord. The cited portion of the last opinion, however, covers a question which was not argued before us and which, therefore, we do not determine. A number of cases have, however, held that a minor who has been illegally employed in violation of a child labor law might maintain an action based upon the violation of the statute prohibiting his employment. Our only purpose in here citing them is to point out that the view as expressed in *Noreen v. Vogel, supra*, that an action by such child is based solely upon the relation of master and servant is not the entirely uniform view.

*Western Union Tel. Co. v. Ausbrooks*, 148 *Tenn.* 615, 257 *S. W.* 858, 33 *A. L. R.* 330; *Grand Rapids Trust Co. v. Peterson, etc., Co.*, 219 *Mich.* 208, 189 *N. W.* 186; *Krutlies v. Bulls Head Coal Co.*, 249 *Pa.* 162, 94 A. 459, *L. R. A.* 1915F, 1082; *Terry Dairy Co. v. Nalley*, 146 *Ark.* 448, 225 S. W. 887, 12 A. *L. R.* 1208; *Klicke v. Allegheny Steel Co.*, 200 F. 933, 119 *C. C. A.* 317; the last case having been determined by Judges Gray, Buffington and McPherson in the Third federal circuit.

In *Karpeles v. Heine*, 227 *N. Y.* 74, 124 *N. E.* 101, where the minor plaintiff in a common-law action was under fourteen, it was said:

"Liability for injuries to a child in the course of his employment contrary to the provisions of a statute which says in substance that he shall not under any circumstances be so employed arises from the disobedience of the statute and the purpose and intent thereof."

It is true that in New York a distinction is made in this respect between the employment of a child under fourteen years of age whose employment is absolutely prohibited and the employment of a child over fourteen years of age and under sixteen without an employment certificate. We think, however, this distinction is supported by neither reason nor authority. 14 *A. L. R.* 825, 33 *A. L. R.* 341.

The employment certificate which may be obtained for a minor over fourteen years of age and which must be procured in order that such minor may be legally employed is only issued by the constituted authority after a complete compliance with certain stipulated requirements. Its issuance involves an investigation of the health, education and age of the minor and of the character of the work to be performed.

Certainly our Child Labor Act as expressly forbids the employment of a child over fourteen without a permit as it does a child under fourteen. Both have in view the same principle of public policy in protecting the child in its formative years and in preparing him for future usefulness and section 3164 makes the failure to produce the employment certificate "*prima facie* evidence of the illegal employment of such child."

Our holding that a claim of a minor for compensation for injuries sustained in his employment which was in contravention of the Child Labor Law does not come within the Workmen's Compensation Law is in accord with the rulings of the Industrial Accident Board of this state. In *Cullen v. Wilgus, Claim No. 731*, the Board in 1918 refused to take jurisdiction of such a case.

The demurrer is sustained.