JAMES H. HILL, JR., Administrator of the Estate of David Baise, deceased minor, Plaintiff Below, Appellant, v. MOSKIN STORES, INC., a corporation of the State of Delaware, Defendant Below, Appellee.

(*November* 2, 1960.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*E. N. Carpenter, II*, and *William E. Wiggin* (of Richards, Layton and Finger) and *Theophilus R. Nix* for appellant.

*David Snellenburg, II*, (of Killoran and Van Brunt) for appellee.

Supreme Court of the State of Delaware, No. 18, 1960.

SOUTHERLAND, C. J.:

This is a common-law action by the estate of a deceased employee against his former employer. Plaintiff seeks to recover damages for personal injuries and wrongful death occurring in the course of and as a result of the employment.

The facts are as follows:

David Baise, a youth seventeen years of age, was employed by Moskin on December 13, 1958, to act as "Frosty the Snowman" at Moskin's clothing store on Market Street in Wilmington. His employment was intended to be temporary only, until Christmas, in connection with Christmas promotional activities. He was clad in a "snowman suit" of highly inflammable material. His primary duties were to stand at the front of the store and give out candy to children. He also on occasion assisted James Reed, another youth, in the performance of minor duties about the store.

The Child Labor Law forbids the employment of a child who has reached his sixteenth birthday but has not reached his eighteenth birthday "unless the employer procures and keeps on file, and accessible a certificate of age issued to the child by the Labor Commission." 19 *Del. C.* § 541. Moskin had not procured the certificate and Baise's employment was illegal.

On December 22, while David, dressed in his "snowman" suit, was sitting in a chair inside the store awaiting customers, James Reed, who was playing with a lighter, set fire to David's costume. Immediately David was enveloped in flames. He ran screaming from the store. Outside the fire was extinguished, but in the meantime he had been terribly burned. He lingered until January 5, 1959, when he died. His administrator brought this suit, charging Moskin with negligence in several respects.

The principal theory of the complaint was that David's employment was in violation of law, and that the provisions of the Workmen's Compensation Law (19 *Del. C.* § 2304), providing an exclusive remedy, by way of compensation, for injuries or death in the course of employment, do not apply to minors illegally employed. Alternatively, plaintiff contended that David's injuries did not occur in the regular course of the employer's business. The employer contended that the Workmen's Compensation Law did apply, and also contended that the employment was in the regular course of its business.

After some discovery proceedings Moskin moved for summary judgment. The trial judge was of opinion that the remedy provided by the Workmen's Compensation Act was exclusive. He also rejected the alternative contention. He therefore entered judgment for defendant. Plaintiff appeals.

The principal question before us is whether the Workman's Compensation Act, as now existing, permits an illegally-employed minor, or his estate, to maintain against his employer a common-law action for damages for injuries or death based on negligence.

19 *Del. C.* § 2304 provides:

"Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by the provisions of this chapter respectively to pay and to accept

compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies."

This section, amendatory, of a preceding section dealing with the same subject, was enacted in 1941. 43 *Del. L.* c. 269, Sec. 2.

19 *Del. C.* § 2315 provides:

"The right to receive compensation under this chapter shall not be affected by the fact that a minor is employed or is permitted to be employed in violation of the laws of the State relating to employment of minors, or that he obtained his employment by misrepresenting his age."

This section was new when enacted. Act of July 28, 1953, 49 *Del. L.* c. 429.

The scope and meaning of these sections must be determined in the light of their historical development. This is plaintiff's approach to the problem, and we think it is the correct one.

The Delaware Workmen's Compensation Law was enacted in 1917. 29 *Del. L.* c. 233. Section 3193 d. (1915 Revised Code numbering) provided:

"Every employer and employee shall be conclusively presumed to have elected to be bound by the compensatory provisions of this Article and to have accepted the provisions of this Article, respectively, to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence, and to the exclusion of all other rights and remedies, unless prior to such injury or death, either party shall have given notice to the other party in the time and manner hereinafter specified. A like presumption shall exist in the case of all minors employed unless the notice above referred to be

given by or to the parent or guardian of such minor. Every election to be bound by the compensatory provision of this Article shall be conclusively presumed to be co-extensive with the contract of hire between employer and employee."

This act was one of the "elective" or "optional" statutes, designed to meet the objection that compulsory compensation was subject to constitutional attack. 1 *Larson's Workmen's Compensation Law*, § 5.20. Election not to be bound required affirmative action. In the case of a minor that election had to be made by the parent or guardian.

No specific provision respecting minors illegally employed was contained in the 1917 act, although the Child Labor Act was adopted at the same session of the General Assembly. 29 *Del. L.* c. 232.

The question whether a minor illegally employed was subject to the act came before the Superior Court in the case of *Widdoes v. Laub*, 3 *W. W. Harr.* (33 *Del.*) 4, 129 *A.* 344. This was an action at law to recover damages for injuries to a child of the age of fifteen years. The Child Labor Law provided, then as now, that an employment permit must be obtained for such employment. The defendant in the *Widdoes* case had not obtained the necessary permit.

The defendant pleaded as a defense the provisions of the Workmen's Compensation Law. The defense was overruled, and it was held that the action could be maintained.

The court pointed out that the Delaware act depended for its binding effect upon election to be bound, and that election must be founded upon the principle that a contractual relationship existed. Since a child under sixteen could not lawfully assent to an illegal employment, nor could his guardian, there was no lawful contract covering compensation. Hence the child was not bound by the act.

In 1941 the General Assembly amended the "elective" section of the original 1917 act by eliminating the right to elect

not to be bound by the act. See § 2304 of the Code, quoted above. Our act is now a compulsory act, obviously depending for constitutional validity upon the doctrine of the police power. It now expressly covers "every employer and employee, adult and minor, except as expressly excluded in this chapter."

It is apparent that this change in the statute has rendered obsolete, for the most part, the *ratio decidendi* of the *Widdoes* case. The contract of employment is no longer the foundation of compensation; the test is simply whether employment existed. It might therefore be forcefully argued that under the language of § 2304 *all* minor employees are included, even if illegally employed, because there is no express exclusion of them.

But the contrary might also be contended. A supporting reason for the conclusion in the *Widdoes* case was that a contrary holding would in a large degree nullify the Child Labor Law, and would have no tendency to discourage illegal practices, because the employer's liability would be no greater in case of an illegal employment than in case of a legal one. Hence it could be argued that since the 1941 amendment was silent upon the subject of illegal employment of minors it was not intended to change the result reached in the *Widdoes* case.

It may be reasonably suggested, therefore, that after the 1941 amendment there remained uncertainty respecting the subject.

Any such doubt was resolved by the act of 1953, 19 *Del. C.* § 2315, quoted above. It expressly provides that the right to receive compensation is unaffected by the fact that a minor is illegally employed. There can be no doubt that minors illegally employed are subject to the provisions of the Workmen's Compensation Act relating to the payment of compensation. But the acceptance of compensation for in-

jury is "to the exclusion of all other rights and remedies". Hence the consequence of compensation is the loss of any other remedy.

Plaintiff's counsel earnestly advances the contrary contention. The following is a summary of his argument.

At the time of the amendment of 1941 to our statute (§ 2304), repealing the consent provisions of the 1917 law, the *Widdoes* decision had established two principles: (1) the minor illegally employed could not recover compensation; and (2) the employer was liable to a common-law suit for damages. The 1941 amendment did not affect either holding in the *Widdoes* case, for if that amendment did change the rule of the *Widdoes* case, the 1953 amendment (§ 2315) was superfluous. Therefore, the rules of the *Widdoes* case remained unimpaired. The 1953 amendment overrode the first holding that the employee could not recover compensation, but left untouched the second holding respecting the liability of the employer to a suit at law. Therefore the employee now has alternative remedies; he may apply for compensation, or he may sue at law, as he chooses. So runs the argument.

This argument is plainly unsound. It runs afoul at once of the express language of § 2304 which declares that the acceptance of compensation by employees, "adult and minor", is "to the exclusion of all other rights and remedies." And there is nothing whatever in the Workmen's Compensation Act to justify an inference that an alternative remedy was intended. Plaintiff stresses the phrase in the 1953 amendment— "the right to receive compensation"—and argues that there is an implication that the language imports an intention to *give* the employee a new right but not to *take* from him the right to sue at law. We think the phrasing of the language far too slender a basis to support a conclusion inconsistent, as above pointed out, with the express language of § 2304. In *Fritsch v. Pennsylvania Golf Club*, 355 *Pa.* 384, 50 *A.* 2d 207, a similar argument was made with respect to the construction

of a 1939 amendment to the Pennsylvania Workmen's Compensation Law, 77 *P. S.* § 421, from which our statute (§ 2315) appears to have been borrowed, since the substantive language is identical. The argument was rejected. We agree with plaintiff's counsel that the case is not directly in point, because the statutory scheme of the Pennsylvania act differs in several respects from ours, particularly in containing a provision (originally adopted in 1931) that an illegally employed minor is entitled to compensation greater than that payable to a minor legally employed. (This provision we did not borrow.) But it appears that the Supreme Court of Pennsylvania adopted the broad view that any minor to whom compensation is payable under the act, whether legally or illegally employed, is bound by the provision of the act excluding any other remedy.

This view, apart from any differences between the Delaware and the Pennsylvania acts, we regard as sound. Implicit in plaintiff's approach to the question of the construction of our act is the tacit assumption that if possible the right to sue at law, should be preserved because it is beneficial to the employee. Thus, plaintiff argues that such a right should not be held to be repealed by implication.

This argument misconceives the basic philosophy of the Workmen's Compensation acts. They are designed to eliminate questions of negligence and fault in industrial accidents, and to substitute a reasonable scale of compensation for the common-law remedies, which experience had shown to be, generally speaking, inadequate to protect the interest of those who had become casualties of industry. See 1 *Larson, Workmen's Compensation,* § 2.20 and § 4.50. The acts were passed for the benefit of the employee, and to relieve him from the expense and hazard attending a lawsuit.

Indeed, it was the employer, not the employee, who assailed the constitutionality of the early acts, sometimes successfully. See *Ives v. South Buffalo Ry. Co.,* 201 *N. Y.* 271,

94 *N. E.* 431, 34 *L. R. A., N. S.,* 162, and *Cunningham v. Northwestern Improvement Co.,* 44 *Mont.* 180, 119 *P.* 554.

Of course, in some cases, of which this may well be one, a recovery might be had at law exceeding the compensation payable under the act. But the policy of the law is to take the whole subject out of the field of negligence. The overall benefit to the employee is clear. For that benefit he gives up the right to sue at law.

Plaintiff cites a number of cases holding that a minor illegally employed is not an "employee" within the meaning of the statute defining employees. These cases deal with situations like that presented in the *Widdoes* case. We are not cited to any such case in which the statute expressly brought illegally-employed minors within the scope of the act. Plaintiff's cases are inapposite.

■ We are clearly of the opinion that minors illegally employed, being now entitled to the benefits of the act, have no longer an action against the employer for damages for injuries sustained in the course of employment.

Plaintiff makes a second contention, of a different sort.

19 *Del. C.* § 2301 excludes from the definition of an employee—

"* * * any person whose employment is casual and not in the regular course of the trade, business, profession or occupation of his employer."

It is to be noted that to meet the test of the exclusion the employment must not only be casual but also not in the regular course of business. *Le Tourneau v. Consolidated Fisheries,* 4 *Terry* (43 *Del.*) 540, 51 *A.* 2d 862.

David's employment was admittedly casual. Plaintiff further contends that whether his employment was in the regular course of business presents at least a question of fact

which should be submitted to the jury. His point is that the employment of a "Frosty the Snowman" was unique; Moskin had never done such a thing before. It was the first of that kind of "publicity stunt" that Moskin had undertaken, and it had no practice of promoting its business by public entertainment. This argument seeks to ignore the admitted fact that this "stunt" was a species of advertising, and that advertising is an integral part of the business of a retail store. The cases cited by plaintiff involve repair to the premises by persons employed for that purpose only, the employer maintaining no repair department. See *Dancy v. Abraham Bros. Packing Co.*, 171 *Tenn.* 311, 102 *S. W.* 2d 526.

■ There is no dispute about the facts. David's employment was designed to advertise and further the sale of Moskin's goods. It was, therefore, in the regular course of business.

The judgment of the Superior Court is affirmed.