(119 App. Div. 570)

### KENYON v. WILLIAM P. SANFORD MFG. CO.

(Supreme Court, Appellate Division, Fourth Department.  May 1, 1907.)

1. MASTER AND SERVANT—PERSONAL INJURIES—QUESTIONS FOR JURY.

In an action against a master for injuries received by a servant through alleged unsafe and defective machinery, the questions as to whether or not the machinery was defective, properly guarded, and as to whether or not plaintiff had been properly instructed as to its operation and management, were for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1017, 1028, 1050.]

2. SAME—EMPLOYMENT CERTIFICATE—FAILURE TO FILE.

In an action for injuries to plaintiff, a servant between the ages of 14 and 16 years, for injuries through alleged defective machinery, the fact that plaintiff was employed by defendant without having obtained and filed an employment certificate as required by Labor Law, Laws 1897, p. 461, c. 415, providing that a child between the ages of 14 and 16 years shall not be employed in any factory unless a certificate executed by a health officer be filed in the office of the employer, was a matter of consideration for the jury, as bearing on defendant's negligence.

Williams and Kruse, JJ., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Maggie Kenyon, by guardian, against the William P. Sanford Manufacturing Company. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed.

The action was commenced on the 3d day of June, 1905, to recover damages for injuries sustained by the plaintiff, alleged to have been caused solely through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

N. F. Breen, for appellant.
John N. Carlisle, for respondent.

McLENNAN, P. J.  The acts or omissions of the defendant, which it is claimed constituted actionable negligence and resulted in injury to the plaintiff, are set forth in the complaint.  In effect it is alleged: First, that plaintiff, then being under 15 years of age, was employed by the defendant to work upon and operate a machine which was unsafe, defective, and out of repair to defendant's knowledge; second, that such machine was not properly guarded, as required by chapter 600, p. 1748, of the Laws of 1902, known as the "Employers' Liability Act"; third, that the defendant was negligent in employing the plaintiff in violation of the provisions of the labor law (chapter 415, p. 461, of the Laws of 1897, and the acts amendatory thereof), in that the defendant employed and permitted the plaintiff to work for it when she had not procured and filed with it an employment certificate, as required by said act.  The answer of the defendant put in issue practically all the allegations of the complaint, and in addition alleged that the injuries complained of resulted because of plaintiff's own negligence.  Proof was given by both parties tending to substantiate their

respective claims, but it was practically conceded that no certificate of employment had been obtained and filed with the defendant prior to or at the time of plaintiff's injury or employment.

All the issues thus raised, either by the pleadings or proofs, were submitted to the jury for its determination by a fair and impartial charge, to which the appellant took no exception, except that the court refused to permit the jury to consider, as bearing upon defendant's negligence, the fact that it employed the plaintiff and permitted her to work for it when she had not obtained an employment certificate. Such refusal presents practically the only question involved upon this appeal. The evidence as to whether or not the machine upon which the plaintiff was working was defective or out of repair, whether or not the plaintiff had been properly instructed as to its operation and management, and whether or not it was properly guarded, raised questions of fact which were properly submitted to the jury. But we think it was also competent for the jury to take into consideration, as bearing upon the question of defendant's negligence, the fact that the plaintiff was employed by it without having obtained and filed an employment certificate as required by the statute. Sitts v. Waiontha Knitting Co., Ltd., 94 App. Div. 38, 89 N. Y. Supp. 911; Dragotto v. Plunkett, 113 App. Div. 648, 99 N. Y. Supp. 361. In the case of Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, it was held that where a child under the age of fourteen years is employed in a factory, in case of injury to such child, the bare fact of such employment is, in and of itself, some evidence of negligence on the part of the employer, because such employment was in violation of the statute. So in the case at bar the employment of a child between the ages of 14 and 16 years without having obtained and filed with the employer an employment certificate is equally in violation of law, and we can discover no distinction between the two cases. We think it was permissible for the jury to have taken into consideration, as bearing upon the defendant's negligence, the fact that the plaintiff was employed by the defendant when she had not obtained and filed the certificate required by the statute.

We conclude that for this error the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except WILLIAMS and KRUSE, JJ., who dissent.