(56 Misc. Rep. 130.)

### SCHMIDT v. PRINTING BUSINESS OF EDWIN C. BRUEN.

(Supreme Court, Trial Term, Kings County.    October 30, 1907.)

1. MASTER AND SERVANT—INJURY TO MINOR SERVANT—NEGLIGENCE—EVIDENCE.
    To be evidence of an employer's negligence in an action for injury to a minor, failure to comply with Labor Laws 1897, p. 477, c. 415, § 70, prohibiting the employment of children between 14 and 16 years of age unless a health certificate is filed with the employer, must be the proximate or a contributory cause of the injury; and hence where a certificate was obtained, the mere failure to file it was not evidence of negligence in such an action.

2. SAME.
    Proof that a boy under 16 years of age was put to work on or about a dangerous machine is evidence of the employer's negligence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 956.]

3. SAME—PRESUMPTION OF KNOWLEDGE OF AGE.
    In an action based upon negligence in employing a child less than 16 years old upon dangerous machinery, there is no absolute presumption that the master knew the child's age, and want of knowledge or honest belief that the child was over 16, based upon careful inquiry, may be shown to rebut the presumption of negligence arising from the mere employment.

4. SAME—QUESTION FOR JURY.
    Whether an employer was negligent in employing one under 16 years old, who sues for personal injuries, is a question for the jury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1006.]

Action by Charles Schmidt against the Printing Business of Edwin C. Bruen.   Plaintiff moves for new trial.   Denied.

Joseph A. Shay, for plaintiff.
Krakower & Peters, for defendant.

CRANE, J.   It appears in this case that the certificate required by section 70 of the labor law (Laws 1897, p. 477, c. 415) was obtained from the board of health, but was not filed with the defendant.   Counsel for the plaintiff insisted that under the case of Marino v. Lehmeier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, the failure to file this procured certificate constitutes presumptive negligence, no matter how the plaintiff, a boy between 14 and 16, got hurt.   I do not so read that case.   The failure to comply with the provisions of the labor law must have had something to do with the accident, to be some evidence of negligence; that is, the failure must have been the proximate cause of the injury, or a contributing cause, or it must appear that, but for the noncompliance with the statute, the accident might not have happened.   There was no such connection between the failure to file the obtained certificate and the accident in this case.   Having obtained the written sanction of the board of health as provided by section 70, the

15 year old plaintiff could legally work in a factory. If no certificate had been obtained it could be said that perhaps the plaintiff could not get one, that the board of health might have found him wanting in the requisites and have refused to certify to his qualifications, and thus his employment in a factory might have been prevented, and the accident never have happened. In this way there is a connection between the failure to obtain and file the proper consent and the injury occurring in factory work. But when the plaintiff has passed the examination provided, and is of certified capacity, having obtained the health board's written approval, he can legally work in any factory; the filing of the certificate being a detail required for other purposes than to legalize his employment. As the filing would and could not have prevented the employment, the failure to file cannot be connected with the accident, so as to be evidence of negligence. In the cases cited, Kenyon v. Sanford Mfg. Co., 119 App. Div. 570, 103 N. Y. Supp. 1053, Sitts v. Waiontha Knitting Co., 94 App. Div. 38, 87 N. Y. Supp. 911, and Dragotto v. Plunkett, 113 App. Div. 648, 99 N. Y. Supp. 361, the certificate is referred to as having been neither obtained nor filed. This conclusion is also in accordance with Lowry v. Anderson Co., 96 App. Div. 465, 89 N. Y. Supp. 107. In view of what I have stated I shall not change my opinion or ruling that there was no evidence of negligence solely because the certificate obtained in pursuance to section 70 of the labor law was not filed.

When the provisions of section 81 are considered, then a different question arises. The plaintiff in this case was set to work upon a machine which the jury have found was dangerous. Proof that the boy was in fact under 16 years of age, and that he was put to work on or about a dangerous machine, is evidence of negligence in accordance with the doctrine of the Marino v. Lehmeier Case, supra. In an action for damages based upon such negligence there is no absolute presumption that the master knew the child's age, nor is want of knowledge or honest belief that the child is over 16, based upon careful examination and inquiry, immaterial. Good faith, honest belief, and want of knowledge would be no defense in a criminal prosecution or suit for penalty for violating the prohibitory statute (People v. Werner, 174 N. Y. 134, 66 N. E. 667); but, as the Marino Case holds the master to be liable in damages only for his negligence in employing a child under the specified age, statements of parents, affidavits, advertisements, and careful and painstaking investigations showing the child to be over 16 may be given in evidence to meet and rebut the presumptions of negligence arising from the mere employment. City of New York v. Chelsea Jute Mills, 43 Misc. Rep. 266, 88 N. Y. Supp. 1085, is not the law for an issue of negligence. The labor law does not require the board of health to give a certificate that a child is under 14 or over 16; but it does require a certificate to be obtained by children between the ages of 14 and 16 before they can be employed in a factory. The purpose of this is to prevent the employment of children between these ages physically and otherwise incapable, and who lack the proper intelligence and education. But our boards of health keep registers of the birth dates of children born in the city, and it is common knowledge that similar records or church records are to be found in most places of birth outside of our city. The fact, therefore, that the employer,

taking a young child into his factory, did not require some certificate of birth if the child was alleged to be over 16, or did not make inquiry beyond the statements of parents, pressed, perhaps, by circumstances to falsify, may always be shown as bearing on the master's negligence. But, whatever may be proved for or against him, the liability is not absolute by the mere employment of a child under age. His negligence in employing the child is the question for the jury.

As in this case the court charged, in view of all the circumstances, that the master was presumed to know the age of the plaintiff when he was employed, and called the attention of the jury to the means by which he could have ascertained his exact age—in fact, stated to them that the defendant was bound to know that the plaintiff was under 16 years of age, which was a broader charge than the plaintiff was entitled to—he certainly has no just complaint because the jury decided against him, either on questions of negligence or contributory negligence.

Motion made by plaintiff for new trial denied.