Cheshire,
June 26, 1915.

### SVANTE LINDELL v. ROBERT W. STONE & a.
### JOHN LINDELL v. SAME.

In an action against an employer to recover for personal injuries sustained by a boy fifteen years of age, evidence of the defendant's non-compliance with the provisions of chapter 162, Laws of 1911, relating to child labor, is not relevant upon the issue of his negligence.

Whether a witness shall be permitted to write from dictation for the purpose of showing his mental incapacity is a question determinable by the trial court.

The denial of a request for specific instructions is not exceptionable if their substance, so far as applicable to the evidence, is included in the charge.

CASE, for negligence. Transferred from the October term, 1914, of the superior court by *Branch*, J.

The plaintiff in the first action is a minor who was injured while at work in the mill of the defendant Robert W. Stone. The plaintiff in the second action is the father of Svante and seeks to recover for the loss of his son's services, caused by the same negligence which is alleged in the first suit. The cases were tried together. In both actions the court directed a verdict in favor of the defendant Edward L. Stone, and the plaintiffs excepted. The jury returned verdicts in favor of the other defendant. Several exceptions taken by the plaintiff during the trial are stated in the opinion.

*John G. Annala* (of Massachusetts) and *Joseph Madden* (*Mr. Madden* orally), for the plaintiff.

*Leonard Wellington* and *Benton & Pickard* (*Mr. Benton* orally), for the defendant.

WALKER J. As the plaintiff does not insist upon his exception to the ruling of the court directing a verdict in favor of Edward L. Stone in both actions, which exception seems to be without merit, the question sought to be raised thereby is not considered. The cases stand as though they had been brought against the other defendant, Robert W. Stone, who will be referred to as the defendant.

The plaintiff, a minor under sixteen years of age, received his injuries while he was engaged in the mill of the defendant under a contract of employment, and the ground upon which he claims to recover is the negligence of his employer. Upon this issue he offered to prove that the defendant had not complied with the provisions of chapter 162, Laws of 1911, relating to child labor. Section 1 prohibits the employment of children under twelve years of age in certain designated places, including mills and factories, and also the employment of children under fourteen years of age in such places while the public schools are in session in the districts where they reside. Section 2 provides that no child under the age of sixteen shall be employed in such establishments while the public schools are in session unless he can read and write simple sentences in the English language, or unless it shall be determined by the school authorities that he is mentally incapable of learning to read and write, in which event the superintendent of public instruction may issue a permit of employment of such child. By section 7, it is made the duty of the employer of children under sixteen years of

age to procure and keep on file, and accessible to any truant officer or other authorized inspector, an employment certificate issued by the superintendent of schools, showing the school records of such child, the date of birth, and his physical condition. Section 20 provides a penalty for violations of the statute by employers. The exception to the rejection of the evidence that the defendant had violated these statutory provisions in his contract of employment of the plaintiff presents the question whether the evidence had any legitimate bearing upon the issue of the defendant's negligence.

The evident purpose of the legislature in the enactment of these provisions, so far as they apply to children between the ages of fourteen and sixteen, was to compel the attendance of such children upon the public schools and to promote public education. As applied to a boy like the plaintiff, who was more than fifteen years of age, the legislative purpose was not to protect him from the hazards of working around machinery in a mill or factory. It was not to guard his physical safety in a mill or factory, but to develop his mental powers in a school—to protect him from ignorance rather than from physical injury. There is, in fact, little room for discussion upon this point. The legislative language leads to but one conclusion. The prohibition applies only when the public schools are in session. In vacation time, a boy of fifteen is allowed to work in the designated places; and that fact shows that his protection from physical harm was not the purpose of the statute, as well as the further fact that if it appears he is so mentally deficient as not to be able to learn to read and write the English language he may be employed as a laborer at all times.

The statute therefore did not impose any special duty upon the defendant in relation to the plaintiff's safety. Nor did it make the defendant an insurer against injuries the plaintiff might receive while in his employment. If it is conceded that the defendant was thoughtless or negligent in employing the plaintiff in violation of the statutes referred to, or that he was guilty of a misdemeanor in so employing him, the act of employment was not in any proper sense the proximate cause of the plaintiff's injuries. If he had been employed when the public schools were not in session, no one would claim that the mere fact of his employment could be deemed the proximate cause of the accident in a legal sense; but the fact that the schools were in session does not change the result. No causal connection is established, in the absence of statutory language imposing a duty upon the defendant with reference to the plaintiff's

physical safety. As such was not the purpose of the statutes in question, evidence that the defendant did not comply with them was incompetent and was rightly excluded. *Caher* v. *Railway*, 75 N. H. 125, 126; *Brember* v. *Jones*, 67 N. H. 374; *Wentworth* v. *Jefferson*, 60 N. H. 158; *Sewell* v. *Webster*, 59 N. H. 586; *Norris* v. *Litchfield*, 35 N. H. 271, 277; *Steel Car Forge Co.* v. *Chec*, 184 Fed. Rep. 868.

Cases arising under statutes which unqualifiedly prohibit the employment of minors below a certain age in manufacturing establishments, and declare in effect that on account of the danger to life and limb of working in such places it is negligent for one to employ minors of the designated age to do such work, are not in point. The following cases cited by the plaintiff illustrate this distinction: *Solomon* v. *Glass Co.*, 83 N. Y. Misc. 53; *Stehle* v. *Company*, 225 Pa. St. 348; *Elk Cotton Mills* v. *Grant*, 140 Ga. 727; *Waverly Co.* v. *Beck*, 180 Ind. 523; *Stearns etc. Co.* v. *Tuggle*, 156 Ky. 714. If there are cases seemingly at variance with the views herein expressed, they cannot be followed. See *Klicke* v. *Steel Co.*, 200 Fed. Rep. 933. The true test will be found in a correct ascertainment of the legislative intention. What the result might be if the plaintiff had been under the age of twelve, in view of the prohibitory language of section 1 of the statute, it is not necessary to decide. The question presented in such a case is not disposed of by the decision in this case. *Steel Car Forge Co.* v. *Chec, supra.*

If the offer to show by actual demonstration on the stand that the boy could not write legibly simple. English sentences was made in view of the statute above referred to, it was not admissible, as the statute was inapplicable to the case; while if it was made to prove generally his mental incapacity or deficiency, the question of allowing the experiment to be made was for the court to decide as a matter of discretion. The exception therefore is unavailing.

The plaintiff also excepted to the refusal of the court to charge the jury as requested. The request was based upon section 2, chapter 163, Laws of 1911, in regard to the liability of employers when they do not accept the provisions of the act, and was practically a quotation of that section. If it is conceded that the request was not too abstract to be of use to the jury, the exception must be overruled, because the charge as given covered the material provisions of the statute so far as applicable to the evidence. The plaintiff claimed, and the evidence tended to show, that the machine upon which the boy was working when he was injured was to some extent a dangerous machine, that through the negligence of the

defendant it was allowed to be in a defective condition, and that this condition was the immediate cause of the injury. Upon this evidence the jury were instructed that they could find the defendant guilty unless the boy was also negligent,—that is, did not use that degree of care of which he was capable under the circumstances,— and that the burden of proving this was upon the defendant. The question of the assumption of the risk was not referred to in the charge, and the jury were at liberty to find a verdict for the plaintiff upon the foregoing theory. Clearly, the charge upon the defendant's liability was sufficiently favorable to the plaintiff, and there was no occasion to use the verbiage of the statute in the instruction.

Other requests for instructions were made by the plaintiff, but as they obviously were covered by the charge it is unnecessary to consider them at length.

*Exceptions overruled: judgment for the defendant in both actions.*

All concurred.