NAOMI BUFFUM, ET AL., RESPONDENTS, v. THE F. W. WOOLWORTH COMPANY, APPELLANT.*

Kansas City Court of Appeals.   June 15, 1925.

346

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 786, n. 75; p. 816, n. 19; Infants, 31CJ, p. 996, n. 96; Master and Servant, 39CJ, p. 297, n. 14; p. 304, n. 54; p. 906, n. 71; p. 1127, n. 18; p. 1194, n. 35; Negligence, 45CJ, p. 1078, n. 44; Pleading, 31Cyc, p. 115, n. 48; Trial, 38Cyc, p. 1385, n. 48; p. 1394, n. 43; p. 1782, n. 81.

*Achtenberg, Rosenberg, Trusty & Fredman* for respondent.

*Hackney & Welch* and *E. C. Markel* for appellant.

BLAND, J.—This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $1000 and defendant has appealed.

The facts show that on Saturday, September 22, 1919, plaintiff was employed in defendant's hosiery department situated on the second floor of defendant's five and ten cent retail store located in Kansas City, Missouri. About 8:00 P. M., of that day she was ordered by

her forelady to go to the stock room on the floor above and get some hosiery. In compliance with this direction, plaintiff went to the stock room and was injured by falling from the shelf upon which she had climbed in order to obtain the hosiery. About midway of the stock room was a broad aisle running north and south; there were twelve or fifteen tiers of shelving extending westward thirty-five feet from this aisle. These tiers were five shelves high. There were stock men and stock ladies in the stock room who assisted employees, when requested by them, in obtaining stock from the shelves. The evidence shows that the stock ladies usually left about 7:00 P. M. and that sometimes the stock man remained longer but there is an inference from the evidence, as will be hereinafter shown, that there was no stock man in the room at the time plaintiff went there for the hose.

Plaintiff when told to get the hosiery took a basket and went up a stairway on the north side of the building. The hosiery department was on the south side. There was a freight elevator and desk on the north side of the stock room and the only lights burning at the time were the ones at the freight elevator and desk. Plaintiff walked south along the north and south aisle, turning on the lights as she went. She also turned on the lights in the aisle between the tiers of shelves where the hosiery stock was kept but not the lights between any of the other tiers, and in looking down the other aisles she could not see very far. She testified that she looked for an old step ladder, which will hereinafter be described, but failing to find it she stepped upon the second shelf, took hold of one of the shelves above with her left hand, reached with her right hand and took down boxes of hosiery from one of the shelves and dropped them into the basket, which was on the floor. The bottom of the first shelf was two inches above the floor and the next shelf above, the one upon which plaintiff stood, was eighteen inches from the floor. The balance of the shelves were fifteen and one-half inches apart. She remained in this position two or two and one-half minutes at her work and having finished it, took her foot off the shelf preparatory to getting down when, according to plaintiff's testimony "the added weight on my hand caused me to fall." She "just slipped off." She testified that her hand was "a little damp and sweaty," but that she did not notice this until after she fell. When she fell she screamed and called for help but no one responded; she then went to the elevator and called to the elevator girl who came to her assistance bringing up the elevator.

Prior to the time she was injured plaintiff had been in the stock room about a dozen times and on one or two occasions had used the step ladder referred to. The first round of this step ladder was gone and the ladder had a rope extending across its legs on one side to brace it but the rope did not accomplish its purpose very well as the ladder was unstable and not solid. The other side of the ladder

had no brace whatever. Plaintiff testified that she had seen this ladder but a few times when in the stock room; that she had never been between the shelves on the north side of the room; that she had never seen but one step ladder there. Another witness testified that there was a broken-down box in the stock room which was used at times but that it was the custom and practice to stand upon the shelves, as plaintiff was doing, to obtain merchandise. Plaintiff testified that she had seen other girls obtain merchandise in this way as well as her forelady and there was other testimony to the same effect.

Another witness testified to the effect that she had been in the stock room as many as 500 times and that she had never seen but one ladder there; that she had never used the ladder herself but obtained the merchandise as plaintiff was doing at the time she was hurt. Another witness testified that she had obtained merchandise while standing on the shelves in the presence of the forelady and had never seen any ladder there except one with a rope on its side and that this ladder "was never around very much." There was no handle or anything with which to hold onto except the shelves themselves. Plaintiff testified that she was fifteen years of age at the time she was hurt and had not obtained an employment certificate. Defendant's testimony tended to show that there were two six-foot ladders and four four-foot ladders in the stock room at the time plaintiff was injured.

The petition alleged that plaintiff was injured on the third floor of defendant's retail store where she was employed. The negligence pleaded was that—"the defendant was guilty of negligence as follows:

"(a) In that although the plaintiff was at said time under the age of fifteen years, nevertheless the defendant employed and had plaintiff in its employ in violation of the laws of Missouri prohibiting the employment of minors under fifteen years of age and under sixteen years of age;" (b) that the place where plaintiff obtained the merchandise was insufficiently lighted and that the forelady knowing that she would be required to climb upon the shelves negligently ordered plaintiff to get the merchandise and negligently failed to warn her of the dangers in doing the work; (c) that defendant acquiesced in the custom of employees climbing upon and holding to the shelves; that plaintiff was young and inexperienced and defendant's forelady negligently ordered plaintiff to do the work and negligently failed to warn her of the dangers; (d) that defendant permitted the custom and practice of climbing upon and holding to the shelves, which was not a reasonably safe method of doing the work, and that defendant's forelady negligently ordered plaintiff to do the work and negligently failed to furnish her with a reasonably safe appliance; (e) that the forelady negligently ordered plaintiff to do the work without furnishing her with a step ladder or other rea-

sonable appliance. The answer consisted of a general denial and a plea of contributory negligence and assumption of risk.

Over defendant's objection, plaintiff was permitted to show a failure to obtain an employment certificate as required by Article 3, Chapter 11, Revised Statutes 1919. In plaintiff's instruction No. 1 the jury was told, among other things, in effect that it was unlawful for defendant to employ plaintiff in the circumstances without an employment certificate and submitted the absence of an employment certificate along with the other acts of negligence pleaded and shown in the evidence as a basis for plaintiff's recovery.

Defendant insists that facts sufficient to show a violation of the statute requiring an employment certificate were not pleaded in the petition, and therefore that it was error to admit evidence showing such a violation. Article 3, Chapter 11, Revised Statutes 1919, section 1106, provides that no child under the age of fourteen years shall be employed in any gainful occupation except during hours when public schools are not in session when such a child may work at agricultural pursuits and domestic service. Section 1107 provides that no child under the age of sixteen and over the age of fourteen years shall be employed in any gainful occupation unless such child obtain an employment certificate but such child may work in agricultural pursuits and domestic service during hours that public schools are not in session without obtaining such certificate. Section 1108 provides that no child under sixteen years of age shall be employed in any gainful occupation except in agricultural pursuits and domestic service more than forty-eight hours in any one week or more than eight hours in any one day or before the hour of seven o'clock in the morning and after the hour of seven in the evening, with certain exceptions.

Section 1112 prohibits the employment of a child over the age of fourteen and under the age of sixteen years without an employment certificate on file where it can be inspected by certain public authorities. Section 1113 provides that such certificate shall be issued by the superintendent of instruction or by some person authorized by him in writing and where there is no superintendent of instruction, by a person authorized by the board of directors of any school district in the State. Sections 1114, and 1115 provide for the personal appearance of the child before the person authorized to issue the employment certificate and that no certificate shall be issued unless a personal examination is made by him and unless the child be able to read and legibly write simple sentences in the English language, and he be of the opinion that the child is fourteen years of age and has reached the normal development of a child of its age and is of sufficiently sound health and physically able to perform the work it intends to do. Section 1117 provides that the employment certificate

shall be subject to review by the factory inspector and may be cancelled by him if he finds it has been obtained through fraud and—

"The factory inspector or his assistant or deputy shall also have the power to demand a certificate of physical fitness from some regularly licensed physician in the case of children who may seem to said inspector physically unable to perform the labor at which they may be employed, and no such child shall be employed who cannot obtain such certificate."

Section 1118 provides the form required for the employment certificate. Section 1111 provides that a violation of any provision of the article shall be a misdemeanor.

It will be noted that the statute does not absolutely prohibit a child between the years of fourteen and sixteen from working in such occupations as plaintiff was engaged in but only prohibits it from so working if it has no employment certificate.

"It is a well-settled rule of pleading, that where, in the same section in which the right of action is given, the exception is contained, and it is manifest that the plaintiff cannot recover without negativing the exception, the petition must be so framed as to clearly show that the defendant is not within the exception." [Russell v. Railroad, 83 Mo. 507, 511.] [See, also, Plymell v. Meadows, 170 Mo. App. 37; 31 Cyc. 115.]

The allegation of the petition wholly fails to bring plaintiff within the provisions of the statute prohibiting the employment of children between the ages of fourteen and sixteen years without an employment certificate. There was no demurrer to the petition at the trial and therefore we are required to construe the petition liberally but even under such circumstances the rule as laid down above obtains. [See Russell v. Railroad, supra, where there was no attack made upon the petition until the close of plaintiff's evidence.] It seems that the allegation contained in the petition is nothing more than a conclusion of law and an allegation of conclusion of law tenders no issue. [Gibson v. Railway, 225 Mo. 473, 482; Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 397; Totman v. Christopher, 237 S. W. 822; State ex rel. v. Lee, 233 S. W. 20, 25.]

It is insisted by plaintiff that an allegation of a conclusion of law is good in the absence of a demurrer. It has been held that an issue raised on the statement of a legal conclusion which presents the real point in controversy will be regarded as sufficient after verdict. [Nave v. Schnellman, 254 S. W. 731, 733.] But conceding that such a rule applies where a statute is relied upon, the real point is not presented in plaintiff's allegation. The petition states that plaintiff was under the age of fifteen years and that plaintiff was employed in violation of the laws of Missouri prohibiting the employment of minors under fifteen years of age and under sixteen years of age. It is not true as claimed by plaintiff that there is only one law in Missouri (the

one requiring an employment certificate) that prohibits the employment of minors under fifteen and sixteen years of age in the employment the petition alleges plaintiff was engaged at the time. Section 11)08, cited supra, prohibits employment of a child under sixteen years of age for more than forty-eight hours in a week or more than eight hours in any one day and before seven o'clock in the morning and after seven in the evening.

It is insisted that the petition contained a general charge that defendant negligently employed plaintiff. It has been held that a general charge of negligence is good as a basis of proof unless objected to at a proper time before trial. [Collinsworth v. Zinc & Chemical Co., 260 Mo. 692, 703.] But the facts in that case and other cases cited by the plaintiff show that under the circumstances in those cases the general charge of negligence was an allegation of fact while the charge in plaintiff's petition, as we have before stated, is a conclusion of law.

It is however insisted that the statute "does not create a cause of action, but merely declares a rule of conduct, and violation was evidence of negligence" and under this head plaintiff cites the case of Head v. Powell, 245 S. W. 618, 619, where it is stated that:

" . . . where the statute creates a cause of action the facts bringing the case within the statute must be pleaded, but where the cause of action is created by the common law an applicable statute is not a part of plaintiff's case but is merely a matter of evidence and need not be pleaded."

We are at a loss to know what allegation of negligence in plaintiff's petition a violation of the statute would tend to prove unless it be allegation (a), which, as we have stated, is insufficient. It would appear then that the only way in which the statute could be brought into this case was by the method attempted by plaintiff in her allegation (a), that is, by alleging facts bringing the case within the statute. If plaintiff desires to make a case based on the statute, it is necessary for her to plead facts bringing herself within it. [Nutter v. Railway, 22 Mo. App. 328, 332.]

It is insisted that defendant is estopped from attacking the petition because its demurrer to the evidence was general and not specific. But the absence of a demurrer to the evidence does not waive the objection that the petition states no cause of action whatever. Such an objection may be raised for the first time even in this court. [See Torrence v. Pryor, 210 S. W. 430, 432, the very case on which plaintiff relies.] Of course, defendant was not required to demur to the evidence in order to save its point as to the competency of testimony.

However, it is insisted that without objection defendant's attorney, Beeson, had already testified that when suit was filed plaintiff was employed in violation of law and therefore the objection to the testimony

came too late. Mr. Beeson was put upon the stand by plaintiff and asked if he had made an investigation as to whether plaintiff had been employed in violation of law. He testified that he made an investigation of the case but that he made no investigation to determine whether or not plaintiff had an employment certificate; that he read the petition at the time the case was filed and learned that there was a charge that plaintiff was being employed in violation of law. No objection was made to the testimony but as soon as plaintiff attempted to prove that she had no employment certificate, the objection was made. It is well settled that where testimony of a particular matter is permitted to go in without objection, the adverse party cannot thereafter object to the same evidence. [Nitchman v. United Rys. Co., 203 S. W. 491.] This is because such evidence *being before the jury* without objection, the objecting party has waived his right to have the evidence excluded though it be incompetent. [See Schaffer v. Mo. Pac. Ry. Co., 98 Mo. App. 445, 446.]

Beeson was not qualified to speak in reference to the existence or lack of existence of an employment certificate and that fact was not got before the jury while he was on the stand. Beeson being one of the attorneys for the defendant, defendant no doubt knew when he went upon the stand that he knew nothing about the matter and found it unnecessary to make any objection at that time. However, as before stated, as soon as the objectionable matter was sought to be proved by plaintiff, who, of course, knew of the true situation, the objection was made. The objection was that the testimony was incompetent, irrelevant and immaterial. Plaintiff contends that this is no objection at all. It is true that under ordinary circumstances it is not, but if the evidence objected to is not competent for any purpose in the case, a general objection is sufficient. [Bailey v. Kansas City, 189 Mo. 504, 512; State ex rel. v. Ellison, 229 S. W. 1059, 1063; Stoner v. Royar, 220 Mo. 444, 454.] In the last-named case it is said ''an objection to evidence that is irrelevant is sufficiently specific; it means that it does not bear on any issue in the case and immaterial means nearly the same.'' The testimony in the case at bar had no bearing on any issue pleaded and therefore was clearly immaterial and incompetent for any purpose.

However, as plaintiff may seek to amend the petition at another trial, it is necessary to pass upon other contentions of defendant in reference to the employment certificate. It is insisted that the statute requiring an employment certificate is merely regulatory; that the provision in reference to children between the ages fourteen and sixteen years is different to that in reference to those under fourteen years, as in the latter case the employment is absolutely forbidden while in the former it is not but is merely regulated. In this connection it is contended that the statute was enacted for the purpose of procuring the education of children and their attendance at school

but, plainly, this is not the sole purpose of the statute. The examination of a child seeking a certificate is not only for the purpose of learning the extent of the education of the child but whether or not the child has the usual normal development for its age and is of sufficiently sound health and physically able to perform the work it intends to do. It will be noted that it is provided that the factory inspector, who is not a school official, can cancel an employment certificate where it seems to him that the child is physically unable to perform the work at which it is employed. This statute was plainly intended to prohibit the employment of a child between the ages of fourteen and sixteen years at a work in which it is physically unable to do as well as for the purpose of seeing to the education of the child. It was for the purpose of prohibiting children from engaging in certain occupations between those ages when they are mentally and physically not capable of doing the work required. This statute is entirely unlike the ones under consideration in the cases of Planters' Lumber Co. v. Ins. Co. (La.), 86 So. 472; Lindell v. Stone (N. H.), 94 Atl. 963; Steel Car Forge Co. v. Chec, 184 Fed. 868, 871, and like cases cited by the defendant.

However, it is insisted that there is no evidence that plaintiff was a person who the statute provided could not get an employment certificate but, on the other hand, it is contended that the evidence discloses that she was a person whom the statute permits to be employed. Therefore, it is said that the absence of a certificate of employment is not the proximate cause of the injury. The issuance of the certificate is the sole evidence of the child's qualification to do the work. [Schmidt v. Printing Business of Edwin C. Bruen, 106 N. Y. Supp. 443, 444; Klicke v. Steel Co., 200 Fed. 933; Kenyon v. Sanford Mfg. Co., 103 N. Y. Supp. 1053.] Any other construction of the statute would practically nullify the provisions requiring a certificate of employment and the wholesome requirements to be met in obtaining it. If plaintiff did not have an employment certificate at the time she was injured, it was negligence *per se* for defendant to employ her and a misrepresentation of her age, if there was any, was no defense and neither can there be any defense of contributory negligence. [Washburn v. Empire Printing Co., 249 S. W. 709; Casperson v. Michaels, By, et al., 142 Ky. 314; Strafford v. Republic Iron & Steel Co., 238 Ill. 371.] The employment of plaintiff under the circumstances is to be regarded as the proximate cause of the injury. [Boesel v. Wells Fargo Co., 260 Mo. 463, 481.]

It is insisted by the defendant that its instruction in the nature of a demurrer to the evidence should have been given for the reason that plaintiff failed to make out a case under the common-law allegations of negligence. It is contended that the forelady in directing plaintiff to procure the merchandise did not order plaintiff to climb on

to the shelf, did not know that the hosiery would be on a shelf so high that plaintiff could not reach it from the floor; that the forelady had a right to assume that if plaintiff wanted help, she would have requested it from the stock man and did not know that the stock man might be absent; that she did not know that plaintiff could not safely use the step ladder which plaintiff says was there and had been safely used before. There is no merit in this and the other contentions of defendant in reference to the point now under consideration. The forelady knew that it was customary for girls to get upon the shelves as plaintiff did and she could have anticipated that the hosiery was in such a situation that plaintiff would be required to get upon them or use the ladder. There is also an inference from the testimony that the forelady knew that the ladder present (as it was the only one that had been there for a year or more) was old, rickety and with its bottom round gone, and which would have been dangerous to use. It is contended that there were other ladders present but the inference from the testimony is that there was only the defective ladder, if any, and this notwithstanding the fact that plaintiff testified that she could not see all parts of the stock room after she went there on the evening of her injury. The stock men and stock ladies were not usually called upon for the purpose of assisting in getting the merchandise but, as before stated, it was customary for girls to climb onto the shelves and get it and the forelady herself had procured stock in the same way. We think there is no merit in the contentions. [Clark v. I. & F. Co., 234 Mo. 436, 450; Craven v. Midland Milling Co., 241 S. W. 658; Jaquith v. Fayette R. Plumb., Inc., 254 S. W. 89; 26 Cyc. 1080; Williamson v. Union Elec. Light & Power Co., 219 S. W. 902; Ernst v. Union Depot, Bridge & Terminal Co., 256 S. W. 222.]

But defendant insists that it was not negligence in requiring plaintiff to climb upon the shelf for the reason that it was a simple act and plaintiff alone could judge whether she could safely do it. We think there is no merit in this contention. This is not a case where the master has put the servant at a simple task, not inherently dangerous, and leaves him to do it in his own way. This work could be done but one way and that by climbing on shelving with nothing to hold to but the shelves themselves. The use of the step ladder present was not a safe alternative. The jury could well say that a reasonably safe method of doing the work which plaintiff was ordered to do, was not provided. In this connection it must not be forgotten that plaintiff was a person of immature age.

It is insisted that plaintiff was guilty of contributory negligence as a matter of law in not stepping safely down before her hand became so sweaty that she could not protect herself from falling. Plaintiff testified that she did not notice her hand being sweaty until after she

had fallen. She did not stay on the shelf any longer than was necessary to obtain the merchandise; she was a person of immature age and not only had seen various employees obtain merchandise in a similar manner but had see her forelady do the same thing. Failure to look thoroughly for the ladder would not prevent plaintiff from recovery for the reason that the jury could say that the manner in which she did the work was just as safe as if she had used the ladder, it being unstable and having its first round gone. Even though she had leaned the ladder against the shelving, the fact that the round was gone would not make it a safe instrumentality. There were no stock men or stock ladies there at the time for the reason that plaintiff called for help and no one responded and when she arrived at the stock room all the lights were turned off except those at the desk and elevator and there was no one present there. She cannot be convicted of contributory negligence because she failed to wait for a stock man to return. The evidence is that the stock men were not always there at this time of night and plaintiff could assume under all of the circumstances that they would be in the stock room if about the building. There was also evidence that it was not the primary duty of the stock men to assist in getting the stock down for the employees but only to assist when requested, but they were seldom requested. We think there is no question but that plaintiff was not guilty of contributory negligence as a matter of law. [Jaquith v. Fayette R. Plumb., Inc., supra; Henderson v. Wilson Stove & Mfg. Co., 197 S. W. 177; Plate v. Ludlow-Saylor Wire Co., 227 S. W. 899.]

Plaintiff's instruction No. 1 is clearly erroneous. It submits the violation of the statute requiring an employment certificate when there is no proper pleading of that matter. Plaintiff says that this matter was submitted in conjunction with the common-law negligence alleged in the petition and therefore was not error. There is no merit in this contention. The statement, in effect, that defendant had violated the statute concerning the employment of a child was very prejudicial even though it was only one of a number of facts submitted in the conjunctive in the instruction.

There was no error in the refusal of defendant's instructions.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.