Mary A. Hylak, Minor, by Emil Hylak, Next Friend, Appellee, v. Marcal, Inc., Appellant.

Gen. No. 44,249.

Opinion filed June 23, 1948. Released for publication July 12, 1948.

SIDLEY, AUSTIN, BURGESS & HARPER, of Chicago, for appellant; JAMES F. OATES, JR., HOWARD P. ROBINSON, C. BOUTON McDOUGAL and WALTER J. CUMMINGS, JR., all of Chicago, of counsel.

KAMIN & GLEASON, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Mary A. Hylak, a minor, filed a second amended complaint in the circuit court of Cook county against Marcal, Inc., a corporation, alleging that as a result of defendant's violation of sections 18, 19 and 26 of the Child Labor Act, she suffered the loss of certain joints of the fingers of her right hand. In its answer defendant denied that it violated any provision of the Child Labor Act, or that her injuries resulted from any such violation. Defendant also filed a counterclaim against plaintiff, based on allegations of deceit and asked judgment for $25,000. A motion to strike the counterclaim was sustained. A trial resulted in

a verdict against defendant for $15,000. Motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial were denied and defendant appealed.

Defendant operates a paper manufacturing plant in Chicago. On December 28, 1942, plaintiff, a grammar school graduate, who had finished the first two years of high school, made application to defendant for a position and was hired as an operator of a napkin-packing machine. She was then nearing her 16th birthday, having been born on March 5, 1927. In her application she gave her date of birth as September 18, 1924; her height as 5 feet 2 inches; and her weight as 120 pounds. She admitted that she misrepresented her age in order to secure employment. She also misrepresented her weight as 120 pounds, whereas she actually weighed 110 pounds. The defendant employed no minors, and would not have offered plaintiff a position if she had given her correct age. On February 2, 1943, defendant's napkin-packing machine broke down. She testified that Mr. Stevens, the superintendent, requested her to operate a punch press. He testified that he did not tell her to operate the punch press and stated that she was asked to crease cardboard boxes rather than to pack napkins. She testified that the superintendent gave her five minutes' instruction concerning the operation of the punch press. The superintendent stated that he did not tell anyone to have plaintiff operate the punch press; that he alone was authorized to give such instructions; and that he did not know that she operated it. The punch press was used to cut a serrated cardboard strip and to glue that strip on heavy paper boxes designed to contain wax paper. This machine employed an edged metal block to form the serrated cardboard strip. This movable piece would function when a foot lever was pressed. There were guards on the machine to prevent the insertion of hands.

Plaintiff testified that on February 3, 1943, the superintendent again asked her to operate the punch press while the regular operator was at lunch. This testimony was controverted by the superintendent. Plaintiff operated the machine at approximately 11:15 a. m. on February 3rd. Five minutes later, a cardboard loop formed at the top of the machine. To remove this loop, despite the guards, the plaintiff inserted her hand beneath the movable portion and apparently simultaneously pressed her foot on the operating lever, so that part of the machine came down on her right hand. When she removed her hand, two of her fingers were hanging and one was left in the machine.

Defendant maintains that plaintiff has not proved the statutory violations charged. Plaintiff bases her cause of action on the violation of two sections of the Child Labor Act, namely, secs. 18 and 26. She also alleged a violation of sec. 19, but has abandoned this charge. We assume that the violation of sec. 26 on which plaintiff relies is the clause reading: "Nor shall they be employed in any capacity whatever in any employment that the Department of Labor finds to be dangerous to their lives or limbs, or where their health may be injured, or morals depraved." Sec. 26 prohibits the employer from employing a minor under the age of 16 years in certain specified occupations in particular types of factories. The complaint charges that plaintiff was employed in a certain stamping or punching operation, "which operation and employment was dangerous to life and limb." Stamping and punching operations by minors were only prohibited in sheet-metal and tin-ware or rubber manufacturing and in washer and nut factories. The only employment "dangerous to life and limb" prohibited by sec. 26 is the clause reading: "Nor shall they [minors] be employed in any capacity whatever in any employment that the Department of Labor finds to be dan-

gerous to their lives or limbs." We agree with defendant that there is no proof that the employment at defendant's factory was an employment "that the Department of Labor finds to be dangerous to their [minors] lives or limbs." Defendant asserts that plaintiff was unable to produce such proof because the Department of Labor had made no applicable finding. In her brief plaintiff does not controvert this statement. Defendant also urges that the Child Labor Act of 1945 expressly repeals the statute upon which plaintiff relies. It contends that the general saving clause contained in sec. 4 of chap. 131 does not apply, and that sec. 2 of chap. 131, Ill. Rev. Stats. 1945 [Jones Ill. Stats. Ann. 27.14], does not aid plaintiff. In view of our finding that plaintiff failed to prove violation of sec. 26 and the failure of plaintiff to controvert defendant's statement that the Department of Labor did not make an applicable finding, we are of the opinion that no useful purpose will be served by discussing the proposition presented by defendant that sec. 26 has been repealed.

■■ We turn to a consideration of the charge that defendant violated sec. 18 of the Child Labor Act in that the employment of plaintiff, a minor under the age of 16 years, was illegal because defendant failed to keep a register in its factory of every minor employed, and failed to keep on file employment certificates concerning such minors accessible to the Department of Labor and to school officials. In its answer defendant denied these allegations and the burden was on plaintiff to prove them by a preponderance of the evidence. Defendant asserts that a careful review of the transcript of the evidence and the exhibits "reveals that there is not one word concerning the keeping of any kind of register in the factory by the defendant, nor is there any evidence that the defendant failed to keep a certificate of employment on file in its factory accessible to anyone," and that accordingly plaintiff failed

to prove a violation of sec. 18. No common-law liability is charged and no common-law liability was attempted to be proved. Defendant concedes that sec. 18 of the Child Labor Act in force at the time plaintiff was injured is substantially the same as sec. 6 of the Child Labor Act of 1945, and that under sec. 2, ch. 131, Ill. Rev. Stat. 1945 [Jones Ill. Stat. Ann. 27.14], sec. 6 of the new act [Ill. Rev. Stat. 1947, ch. 48, par. 31.6; Jones Ill. Stats. Ann. 19.192(6)] should be construed as a continuation of sec. 18 of the old act and not as a new enactment. A verdict could have been returned for plaintiff only if the defendant were found to have violated either section. The jury brought in a general verdict. There was no request that the jury find specially upon any material question or questions of fact, or to find separate verdicts as to each charge. Where several causes of action are charged and a general verdict results, that verdict will be sustained if there are one or more good counts or charges or causes of action to support it.

Plaintiff having failed to sustain the charge that defendant violated sec. 26 of the Child Labor Act, the question arises as to whether the jury had the right under its general verdict to find the defendant guilty of violating sec. 18 of that act. In considering defendant's argument that it was entitled to a directed verdict, or to a judgment notwithstanding the verdict, the sole question presented is whether, admitting the evidence in favor of that plaintiff to be true, that evidence, together with all legitimate conclusions and inferences, fairly tends to sustain her cause of action. The burden is on defendant to point out any reversible error. Error is never presumed by a reviewing court, but must be affirmatively shown by the record.

Under sec. 18 it was the duty of defendant, if it employed a minor over 14 and under 16 years of age, as plaintiff, to keep a register in its factory wherein the minor or minors were employed or permitted or suf-

fered to work, in which register shall be recorded the name, age and place of residence of every minor employed or permitted or suffered to work therein, or for or in connection therewith, over 14 and under 16 years of age. A further provision of that section made it unlawful for the defendant, its agent, manager, superintendent or foreman to hire, employ, permit or suffer to work in, for or in connection with its factory any minor over the age of 14 and under 16 years, unless there was first procured and placed on file in such factory an employment certificate issued, as provided in the act, and accessible to the authorized officers or employees of the Department of Labor and to the truant officers or other school officials charged with the enforcement of the compulsory education law. Sec. 20 provides that the employment certificate shall be issued only by the Superintendent of Schools, or by a person authorized by him in writing. The person issuing the certificates is given authority to administer the oath provided for. Under sec. 21 the official authorized to issue an employment certificate to any minor shall issue such certificate only upon the application in person of the minor desiring employment, accompanied by the parent, guardian or custodian of such minor, and after having received, examined and approved (a) a school record, (b) a certificate of physical fitness, (c) proof of age, and (d) a statement signed by the prospective employer, or someone duly authorized in his behalf, stating that he expects to give such minor employment and setting forth the character of same and the number of hours per day and days per week which said minor shall be employed. The certificate of physical fitness required for the minor shall be signed by a physician appointed by the Municipal Health Department, the Board of Education, or other local school authority and shall state that the minor has been thoroughly examined by the physician at the time of his application for an employment cer-

tificate, and is physically qualified for the employment specified in the statement submitted, and is of sound health and of normal physical development for a child of his age. All employment certificates are required to be issued in triplicate, one of which is forwarded by mail by the issuing officer to the prospective employer of the minor for whom the employment certificate is issued, another of which is required to be forwarded to the properly authorized officer of the Department of Labor, and a third, or the facts contained in it, to be filed in the issuing office. Under sec. 22 (a) the person authorized to issue employment certificates may, upon the application in person of any minor over the age of 16 years, and upon presentation of evidence of age, as required for minors under the age of 16, issue a certificate of age for the minor over the age of 16. Under sec. 27 the presence of any minor under the age of 16 years in any manufacturing establishment, factory or workshop, or in any other place in which such minor is prohibited from working, shall constitute prima facie evidence of his or her employment therein. Sec. 29 provides that violations of the act shall be misdemeanors, punishable by fine, and also provides that the employment of a minor shall not be deemed a violation of the act insofar as the employer is concerned, if immediately prior to the employment of the minor the employer shall have been presented with or shall have obtained the duly attested over age certificate issued in accordance with sec. 22 (a).

■ Under the Child Labor Act the minor is "required" to make the application in person, accompanied by his parent, guardian or custodian. The officer is required to examine and approve the school record, the certificate of physical fitness, the proof of age and the statement signed by the prospective employer, or someone duly authorized on his behalf. From these provisions it is manifest that an employment certificate could not exist authorizing plaintiff, a minor un-

der 16 years of age, to be employed in defendant's factory without her knowledge, the knowledge of her parent, guardian or custodian and the knowledge of defendant. While plaintiff charges that her employment was illegal in that defendant failed to keep a register in its factory of every minor employed, and failed to keep on file an employment certificate concerning such minors, we are of the opinion that the liability of defendant would be established by proving either the failure to keep a register in its factory of every minor, or by employing, permitting or suffering plaintiff to work in its factory without first procuring and placing on file in such factory an accessible employment certificate.

Emil Hylak, a married brother of plaintiff, testified that their mother was dead and that plaintiff made her home with him, his wife and three children. He was not interrogated on direct or cross-examination as to whether he had any knowledge of his sister applying for an employment certificate, or whether he accompanied her. Plaintiff testified as to her age, weight, schooling and employment. During the summer months of 1942 she was employed first as a cafeteria helper and then as a stock girl in Goldblatt's Department Store. On December 28, 1942, she was hired by defendant. She stated that when she applied to defendant for a position she knew that she was 15 years of age and not 18 years of age; that the reason she misrepresented her age was that she "wanted a job"; and that she was not requested by anyone at defendant's factory to produce a birth certificate "or any evidence" of her age. On cross-examination she testified that she asked defendant to employ her on the strength of the written application; that the application stated that she was 18 years of age, having been born on September 18, 1924; was 5 feet 2 inches in height, and weighed 120 pounds; gave her address and social security number; that she received her education

at St. Joseph's School, 4800 South Paulina street; that she went to high school for two years at the same school; that her former employers were Martin Stone, Goldblatt Brothers and Peter Lozia, whose addresses are given on the application; that she did not tell anyone at defendant's factory or office that she made any misstatements as to her age or otherwise; and that she made the misstatements intentionally.

John A. Stevens, factory superintendent and maintenance man for defendant, was called by plaintiff under sec. 60 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060]. He testified that defendant's plant is a one story building 150 by 300 feet; that in December, 1942, approximately 100 persons were employed there. He was then interrogated as follows: "A. Men and women?" "A. Mixed." "Q. Were there also girls and boys?" "A. No." "Q. You have no minors employed at all?" "A. No." "Q. None at all?" "A. No." He testified further that he checked the employees after they were selected by someone else, and that he remembered plaintiff due to the fact that she was injured. He told about the operation of the machines, including the punch press, and stated that he was not "in charge of the checking of the information secured from prospective employees" on the applications for employment, and that checking the information in the applications was not his job. Jeannette Moore, secretary to the Secretary of the Illinois Industrial Commission, called as a witness, produced a notice of filing of rejection by plaintiff on July 22, 1943, under sec. 6 of the Workmen's Compensation Act [Ill. Rev. Stat. 1945, ch. 48, par. 143; Jones Ill. Stats. Ann. 143.21]. Mr. Stevens was then called as defendant's only witness and testified that on February 2, 1943, when the napkin manufacturing machine broke down he instructed plaintiff to crease boxes; that this operation is done entirely by hand and that there is nothing dan-

gerous about it; and that he at no time instructed her to work on a punch press, nor did he instruct anyone else to have her do so. In answer to the question: "And do you recall during that period, any time from December 28th to February 4th, of seeing Mary Hylak in the plant?" he replied: "Yes." He was then asked: "And she was there?" to which he answered: "Yes." He was asked: "Did she have the appearance of a person who was over 16 years of age?" Plaintiff's attorney objected to the question. In the discussion of the objection the attorney for defendant said: "I think the court will recall that there is in evidence here not only the fact that Mr. Stevens gave instructions, which he just now denied, but there is also in evidence here the application of this girl, and there is and can easily be taken an inference from the testimony as proferred by the plaintiff, that this defendant knowingly employed this girl, a minor, in that factory. I think we are certainly entitled to an explanation of why this girl was in the factory, had we known she was under 16. I think I am entitled to ask this witness and he is entitled to answer whether or not her appearances were such as would lead an ordinary person to consider her to be 16 years or older." The attorney for plaintiff argued in support of his objection and was sustained. Immediately thereafter the attorney for defendant asked: "Was there anything about the appearance of Mary Hylak which would lead you to believe that she was under 16?" to which the witness answered: "No." The attorney for plaintiff moved that the answer be striken. The court said: "Objection sustained."

In *Gill v. Boston Store of Chicago*, 337 Ill. 70, plaintiff would have been 16 years of age on September 26, 1923. He was employed on August 23, 1923 and was injured on the same day while working as a loader on a delivery truck. He was 5 feet 6 or 7 inches tall, weighed 150 pounds, and looked to be about 19 years

of age. He lied in his application by stating that he was 19 years old. The sole theory of plaintiff was that defendant was liable for failure "to secure and keep on file a certificate of employment," and that this violation alone made the employer liable for the injuries suffered. From a judgment in favor of plaintiff defendant appealed. The Supreme Court said (73):

" . . . The Child Labor Act was passed by the General Assembly in the exercise of its police power, for the protection of children against the risks of working in certain employments, against whose dangers they would probably be unable or unlikely to protect themselves by reason of their immaturity, inexperience or heedlessness. While the act does not expressly declare that an employer who violates the act by employing a minor without complying with its terms shall be liable to-an action for damages which the minor so employed may suffer by reason of his employment, nevertheless we have held in numerous cases that the employer is so liable. . . . The injury having occurred in the course of the appellee's service under an unlawful employment was enough in itself to show a causal connection, and the law will refer the injury to the original wrong as its proximate cause. (*Grand Rapids Trust Co. v. Peterson Beverage Co.* 219 Mich. 208.) The statute was manifestly intended to prohibit the employment of a child between fourteen and sixteen years of age at work which it was physically unable to do and made the certificate of employment the only evidence of the child's ability to do the work. (*Buffum v. Woolworth,* 221 Mo. App. 345.) The cause of action is for the violation of the statute, and it is not a defense to show that the child had the physical qualifications to do the work. The prohibition of employment of all children under sixteen years is absolute in the absence of a certificate of employment and all other evidence is immaterial. Compliance with the act is

the only possible justification. (*Krutlies v. Bulls Head Coal Co.* 249 Pa. 162; *Louisville H. & St. L. Railway Co. v. Lyons,* 155 Ky. 396; *Wlock v. Fort Dummer Mills,* 98 Vt. 449; *Stetz v. Mayer Boot and Shoe Co.* 163 Wis. 151.) This action is for the breach of a statutory duty and is not based on negligence, and the rules in regard to negligence, contributory negligence, negligence of a fellow-servant and assumed risk do not apply.''

While plaintiff was not specifically asked whether she made application for an employment certificate, or whether she received a physical examination by a physician appointed by the city health department or the Board of Education, it is patent that she did not make any such application. She testified that the reason she misrepresented her age and weight was in order to secure employment. If she had an employment certificate, the employer would know her age from that and from the antecedent steps required to be taken.

To the following question: ''Have you no minors at all?'' Mr. Stevens answered: ''No.'' In answer to the further question: ''None at all?'' he answered: ''No.'' In answer to the question: ''Were there also girls and boys?'' he answered: ''No.'' On the oral argument plaintiff's attorney conceded that when Mr. Stevens testified that the defendant employed ''no minors,'' he was referring to December 1942. Defendant states that the record does not show that it was its policy not to hire minors. There was no prohibition against the hiring of minors who were 16 years of age or over. If defendant did not hire minors it follows that it did not hire children under 16 years of age. Defendant urges that since the facts show that plaintiff authorized it to investigate her age, and her application contained information from which her age could be readily ascertained, it may not be inferred that between December 1942 and February 1943, defendant

had not ascertained plaintiff's age and satisfied the register and certificate requirements of sec. 18. The record shows clearly that there was a violation of sec. 18 at the time defendant employed plaintiff on December 28, 1942. In the argument of counsel as to the admissibility of the question propounded to Mr. Stevens as to whether she had the appearance of a person who was over 16 years of age, the attorney for defendant argued that defendant had a right to introduce the testimony because otherwise there would be an inference from the testimony proferred by plaintiff that defendant "knowingly employed this girl, a minor, in that factory," and that defendant was "entitled to a question of why this girl was in the factory, had we known she was under 16." Defendant's attorney also stated that he was entitled to an answer as to "whether or not her appearances were such as would lead an ordinary person to consider her to be 16 years or over." Preceding that discussion Mr. Stevens had answered in the affirmative whether he recalled "during that period, any time between December 28th to February 4th, of seeing Mary Hylak in the plant." The question and answer immediately preceding the one to which plaintiff objected, was: "Q. And she was there?" "A. Yes." From this it is obvious that defendant's position during the interrogation of its only witness was that at all times during the employment of plaintiff she was there without a compliance with either provision of sec. 18. Defendant would not have sought to interrogate Mr. Stevens in order to prove that plaintiff looked to him like a girl of 16 years or over if defendant had on file an employment certificate.

Defendant asserts that it is obvious that because she did not adduce direct proof as to the lack of a register or employment certificate, she is endeavoring to spell out a violation by inference, citing *Coffin v. Chicago City Ry. Co.*, 251 Ill. App. 169, wherein the court said (174):

"  .  .  .  that the existence of a certain fact cannot be reasonably inferred from the evidence when the existence of another fact, inconsistent with the first, can be inferred from the same evidence with equal certainty; a fact cannot be established by circumstantial evidence unless the circumstances are of such a nature and so related to each other that it is the only conclusion that can be drawn therefrom."

We find that the jury in the instant case had the right to reasonably infer from the facts that an employment certificate was not on file and that defendant did not keep a register recording the name and other data relative to minors under the age of 16 years employed or permitted to work in its factory. We are of the opinion that the jury had a right to find that plaintiff at the time of her employment, and also at the time of her injury, was a minor under the age of 16 years; that defendant operated a factory with at least two punch presses; that defendant did not keep a register recording the name, age and place of residence of plaintiff or other minors employed therein; and that defendant did not have on file, for inspection by the proper officials, an employment certificate for plaintiff. The contention of defendant that the court should have directed a verdict in its favor or entered a judgment notwithstanding the verdict is without merit.

Finally, defendant argues that the judgment is excessive. As a result of the mishap she lost the first two joints of the index finger and the fourth finger and the first joint of the third finger of her right hand. She was right-handed. Defendant paid for her medical and hospital services. She received Workmen's Compensation up to the time when she filed a rejection. She felt no pain when the mishap occurred, but became weak before being removed from the factory to the hospital. Plaintiff has a mutilated hand. The question of damages is peculiarly one of fact for

the jury. We are of the opinion that the damages awarded are not excessive. For the reasons stated the judgment of the circuit court of Cook county is affirmed:

*Judgment affirmed.*

KILEY and LEWE, JJ., concur.